# Adams *against* Null.

If upon an appeal from the judgment of a justice of the peace the recognizance be not in conformity with the 33d section of the Act of 12th February 1842, the appellant must be called upon by rule to perfect it, which he must do *nunc pro tunc;* so as to take effect from the date of the previous one.

ERROR to the Common Pleas of *Cumberland* county.

John Null obtained a judgment against William Adams before a justice of the peace, from which Adams appealed, and entered into a recognizance in the old form to prosecute his appeal with effect. The court below struck off the appeal, on the ground that no such bond or recognizance was given as is required by the 33d section of the Act of 12th February 1842; and that it was not now practicable to give such an obligation, for the defendant may have disposed of the property which he then had; and because on the hearing of the motion he did not offer such an one.

*Biddle,* for plaintiff in error, argued that the defendant should first be called upon by a rule to perfect his appeal, and upon failure so to do the court might strike it off, but not otherwise. 16 *Serg. & Rawle* 349; 2 *Penn. Rep.* 431.

*Brandeberry,* contra, argued that such were the requisitions of the Act of 1842, that its terms could not be complied with at any time after the appeal was taken; for the appellee was entitled to the security which the value of all the goods of the appellant at that time afforded; and if the defendant's property has since been sold on execution, a bond now given would be no security at all.

[Adams v. Null.]

PER CURIAM.—This recognizance is undoubtedly bad ; and the difficulty is to reform it so as to give the appellee the security he would have had in case it had originally been in the form prescribed by the statute, which would have extended its effect to all the property had by the appellant at the time of the appeal. It is immaterial that the appellant did not offer to amend pending the motion to quash; it was the appellee's business to call on him for a good recognizance by a rule. It will be sufficient, then, for the appellant to file a proper recognizance *nunc pro tunc*, bearing even date with the previous one, so as to take effect from that time ; failing which the court may quash the appeal *de novo*.

Judgment reversed, and a *procedendo* awarded.