# Koenig *versus* Bauer.

1. An appeal should not be dismissed because the recognisance is defective, until the appellant has been ruled to perfect it.

2. It is not error to allow an appellant to file an amended recognisance.

3. Where a landlord has ejected the tenant under a judgment of a justice and the case is tried on an appeal, the tenant can show his damage by the removal and the value of the place to him.

4. The examination of witnesses in surrebuttal, is within the discretion of the judge trying the case.

5. On an appeal the jury are to decide the case precisely as if there had been no prior decision. A landlord who has taken possession under an alderman's habere, cannot suffer a nonsuit upon trial of the appeal.

February 4th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

[*Koenig v. Bauer.*]

Error to the Court of Common Pleas of *Philadelphia* : No. 451, to January Term 1867.

This was originally a landlord and tenant case, under the Act of December 14th 1863. The landlord obtained a judgment before the alderman. The defendant appealed, giving security for all damages and costs until final judgment, but not for all costs *and rent* accrued or that might accrue up to final judgment.

The landlord issued a writ of possession and the tenant was ejected.

The landlord moved to strike off the appeal because of the defect in the recognisance. The defendant then asked leave to file the required recognisance. This was granted, and the required recognisance was filed. In answer to a rule to declare the landlord filed a *narr.* in ejectment. The tenant pleaded not guilty.

On the trial the landlord gave in evidence his deed—proved possession in his grantor and rested.

The tenant alleged and proved by his daughter that the notice to quit was not served three months before the expiration of the term. He then offered to show " what his damage was by the removal, and the value of the place to him at the time of the removal." This was objected to, but admitted under exception.

The landlord then in rebuttal, proved a notice to quit three months before the expiration of the year in a conversation with the tenant's daughter.

The tenant recalled the daughter and offered to contradict this evidence. The offer was objected to, but admitted under exception.

The evidence being closed on both sides, plaintiff's counsel requested the court to charge the jury that, " as the plaintiff recovered a judgment before the alderman, after the hearing of both parties, and as that judgment gave the plaintiff a right to eject the defendant, notwithstanding the appeal of the defendant, the presumption is that that judgment was right, and the plaintiff had a right to the possession of the premises."

The court (Brewster, J.), charged the jury as follows :—

" This is what is called ˙a landlord and tenant case, under the provisions of the Act of 1863. It comes before you on an appeal by the defendant to the decision of the alderman, and *you are now to decide it precisely as if no prior decision in favor of the plaintiff had taken place.*

" Prior to the Act of 1772, landlords had to bring ejectment, which subjected them to much trouble and delay. The Act of 1772 was then passed, authorizing a proceeding before two justices and a sheriff's jury, in cases where landlords desired .to recover the possession of the premises. Then the Act of December 14th 1863 was passed, authorizing a complaint before a single justice, and providing for no jury trial. It gives an appeal which is not a supersedeas, but the act declares that the appeal shall be tried as

[Koenig *v.* Bauer.]

actions of ejectment are tried, and if the jury find for the tenant they shall ' assess the damages sustained by reason of his removal.' The controversy here is on the words of the law, ' having given three months' notice of such intention to have again and repossess the premises.' The defendant contends no such notice was given. The plaintiff asserts it was given. This is the first question you have to pass upon."

After referring to the testimony, the court said:—

" The question of the credibility of these witnesses is exclusively for the jury. If they find due notice was given, then their verdict should be for the plaintiff. If no such notice was given, then their verdict should be for the defendant. In the latter case you are ' to assess the damages sustained by reason of the defendant's removal.' There is no evidence of malice or oppression. The defendant does not contend for this. The defendant is entitled to compensatory damages only."

The point for charge was thus answered:—

" The presumption is in favor of the regularity and fairness of all judicial proceedings, but the alderman's judgment is not binding upon the jury." And the court also charged the jury that they were " *to decide the case precisely as if no prior. decision in favor of the plaintiff had taken place.*"

To this answer and charge the plaintiff excepted. He then moved to take a nonsuit ; which was refused and an exception noted.

The jury having found damages in favor of the tenant, and judgment having been entered for the tenant, the landlord took this writ of error and filed the following assignments of error:—

That the court below erred:

1. In not quashing the appeal, as the recognisance was not filed in time, nor before the proper tribunal.

2. In requiring the plaintiff to declare, as the appeal was defective and the case not regularly and properly in court.

3. In not overruling the defendant's offer " to show what his damage was by the removal, and the value of the place to him at the time of the removal."

4. In permitting the defendant to call and examine his daughter in surrebuttal " to contradict Langebartel by showing what he said to her when she called on him to see if the property had been sold, and at other times."

5. In answering plaintiff's point, " as the plaintiff recovered a judgment before the alderman, after hearing both parties, and as that judgment gave the plaintiff a right to eject the defendant, notwithstanding the appeal of the defendant, the presumption is that the judgment was right, and the plaintiff had a right to the possession of the premises," as follows, viz. : " The presumption is in favor of the regularity and fairness of all judicial proceedings, but the alderman's judgment is not binding upon the jury."

[Koenig v. Bauer.]

6. In charging the jury that they were "to decide the case precisely as if no prior decision in favor of the plaintiff had taken place."

7. In not permitting the plaintiff to take a nonsuit.

The case was argued by *B. Woodward*, for plaintiff in error, who cited Guilky *v.* Gillingham, 3 S. & R. 93; Langs *v.* Galbraith, 1 Id. 491; 1 Stark Ev. 213, 605; Queen' s Case, 2 Bro. & Bing. 313; Crowley *v.* Page, 7 C. & P. 789; Regina *v.* Holden, 8 Id. 606; Conrad *v.* Griffy, 16 How. U. S. 38; Palmer *v.* Haight, 2 Barb. 210; Sprague *v.* Caldwell, 12 Id. 516; Unis *v.* Charlton's Administrator, 12 Gratt. 484; Wright *v.* Hicks, 15 Georgia 160; Carlisle *v.* Hunley, 16 Ala. 622; Powell *v.* State, 19 Id. 577; Drennen *v.* Lindsey, 15 Ark. 359; Nelson *v.* State, 2 Swan. 237; Galena *v.* Fay, 16 Ill. 558; Smith *v.* People, 2 Mich. 415; Kimball *v.* Davis, 19 Wend. 445; Doe *v.* Reagan, 5 Black 217; Story *v.* Saunders, 8 Humph. 663; Owen *v.* Rynerson, 17 Ind. 620; Scott *v.* King, 7 Minn. 494; McAteer *v.* McMullen, 2 Barr 32; McCredy *v.* Fey, 7 Watts 496; East Bank *v.* Coryell, 9 W. & S. 153; McKennan *v.* Henderson, 5 Id. 371.

*George H. Earle* and *Richard P. White*, for defendant in error, cited Buckman *v.* Davis, 4 Casey 211; Calhoun *v.* Logan, 10 Harris 47; Kemmerer *v.* Edelman, 11 Id. 147.

The opinion of the court was delivered by

AGNEW, J.—It has been said so often that it will scarcely bear repeating, that the proper course when the recognisance of an appellant is defective or invalid, is not to dismiss the appeal, but to rule him to amend or perfect it, and to dismiss only as the penalty of neglect or refusal. The right of appeal and of trial by jury is too precious to be frustrated by the ignorance, incompetency or malice of inferior magistrates and officers: Means *v.* Trout, 16 S. & R. 349; Huntingdon Borough *v.* Jackson, 2 Penna. R. 431; Bream *v.* Spangler, 1 W. & S. 378; Adams *v.* Null, 5 Id. 363; Ihmsen *v.* Mon. Nav. Co., 3 Casey 267. It is not safe or expedient to rely upon a discarded practice, or upon overruled cases. This is sufficient to dispose of the 1st and 2d assignments of error.

The 3d error is unaccompanied with the bill of exceptions, and is therefore informally assigned. But I may say, without a specific rule of the court to regulate the practice in this respect, it is the defendant's right under the Act of Assembly to claim and give evidence of the damages he has sustained by reason of his removal from the premises. No other notice than the law itself, was therefore necessary to be given by him to his landlord. The

[Koenig *v.* Bauer.]

law prescribes the issue, which is to be tried in the same manner as an action of ejectment, and directs the jury if they find for the tenant, to assess the damages caused by his removal.

The 4th error is not sustained. The examination of the defendant's daughter in surrebuttal, after she had been examined before, was a matter within the sound discretion of the court. Slight explanations will often explain apparent discrepancies, or exhibit a witness's truthfulness; and a court will not suffer truth to be smothered by form, when a discreet exercise of its power will prevent it.

We discover no error in the charge of the judge or his answer to the plaintiff's points, as set forth in the 5th and 6th assignments of error. The court was right in refusing permission to the plaintiff to take a nonsuit. The defendant had a right to the verdict, both to be restored to possession and to recover his damages for removal.

None of the errors are sustained, and the judgment is affirmed.