# Carr *versus* McGovern.

1. The payment of the taxed costs is a condition precedent and is indispensable to an appeal from an award of arbitrators.

2. Such defect could not be cured by charging the costs to counsel.

3. The court will enforce by attachment the payment of costs taxed subsequently to an appeal.

4. The negligence or want of knowledge of the prothonotary will not condone the errors of a party in failing to do what the law requires.

5. Omitting an amount coming within the principle *de minimis* will not set aside an appeal.

[Carr *v.* McGovern.]

November 8th 1870. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Allegheny county :* No. 152, to October and November Term 1870.

To April Term 1870, James McGovern brought an action of· replevin against William Carr and James Blondin. A rule of reference was taken out, and on the 15th of June 1870 the arbitrators filed their award, finding for the plaintiff. On the 16th of June, Carr made and filed the proper affidavit for an appeal, and entered into a recognisance himself, but without any surety, in the sum of $100, and paid $1.50 of the costs. The costs besides amounted to $22.41, as to which was the following docket entry : "July 6th 1870, costs charged to Attorney Marshall."

On the 9th of July the plaintiff obtained a rule to show cause why the appeal should not be quashed on the grounds : that the costs had not been paid and that the recognisance required by law had not been taken. On the hearing of the rule the clerk of the prothonotary testified that the defendant came to the office to enter the appeal, and, having taken the affidavit, entered himself into the recognisance and paid the costs then chargeable for the recognisance, &c., the clerk told him that he had nothing more to do.

The court quashed the appeal. The defendant took a writ of error and assigned the quashing of the appeal for error.

*F. M. Magee* and *T. M. Marshall,* for plaintiff in error, cited Williams *v.* Hazlep, 2 Harris 157 ; Fraley *v.* Nelson, 5 S. & R. 234.

*W. A. Leggatt* and *L. B. Duff,* for defendant in error.

The opinion of the court was delivered, November 14th 1870, by

Thompson, C. J.—There was no appeal taken in this case by the plaintiffs in error from the award of arbitrators against them in the court below, in fact or in law. There was no recognisance taken and filed, such as the Act of Assembly requires, the appellant's own recognisance only being taken without bail, and the costs taxed all remaining unpaid, with the exception of a small fraction of $1.50, out of $22.41 taxed on the record. It is, perhaps, true that if the only objection had been to the defective recognisance, the court might have had authority to allow it to be perfected, and this would have been going the full length of their power, to say the least of it. But we see nothing like a proposition looking to this by the appellants. They complain of the court for quashing the appeal as it stood, without any offer to amend or perfect the recognisance. The court could not say there was a good appeal as the record stood, and this was all they had

[Carr v. McGovern.]

to do with. But the want of payment of the costs taxed was an incurable defect. It could not be cured by charging the costs over to counsel. The costs taxed must be paid in cash, so we said in Ellison v. Buckley, 6 Wright 281. The note of the party will not do, nor the assumption of his counsel. The payment of the taxed costs is a condition precedent to a valid appeal. Where they are not taxed, the party is in no default in not paying them. There the court enforces payment when taxed subsequently to the appeal by attachment; but when taxed before appeal, and not paid, the court quashes the appeal for the non-performance of one of the conditions of appeal. The negligence or want of knowledge of the officer does not condone the errors of the party in failing to do what the law requires in order to perfect the appeal. Any amount unpaid, coming within the principle of *de minimis*, would undoubtedly not be allowed to set aside an appeal; but that is not the case in hand. The great body of the costs remained unpaid, and this of itself justified the court in striking off the appeal, even if the other ground had not existed.

Judgment affirmed.