## HOWARD KERR ET AL. v. M. C. MARTIN ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF CLARION COUNTY.

Argued October 2, 1888—Decided October 22, 1888.

Where, contrary to the provisions of a rule of court, the sheriff of a county has become the surety upon a recognizance for an appeal from an award of arbitrators, it is error to strike off the appeal, regular in other respects, without a rule upon the appellant to perfect his recognizance: Means v. Trout, 16 S. & R. 349, followed; Carr v. McGovern, 66 Pa. 458, distinguished.

Before GORDON, C. J., PAXSON, STERRETT, CLARK, WILLIAMS and HAND, JJ.; GREEN, J., absent.

No. 3 October Term 1888, Sup. Ct.; court below, No. 75 January Term 1885, C. P.

On November 17, 1884, an action of ejectment was begun by M. C. Martin and C. Meyer against Howard Kerr and wife, which was afterwards put at issue under the plea of not guilty. On July 14, 1887, arbitrators, chosen under a compulsory reference, filed an award in favor of the plaintiffs for the land in dispute, and judgment was entered thereon on the same day. On August 2d, the defendants appeared to enter an appeal from the award, but were without sureties to join in the recognizance required. Thereupon they executed the necessary papers and left with the prothonotary a sum of money sufficient to indemnify such surety as he might secure for them upon the recognizance. The prothonotary got C. A. Wheelock, the sheriff of the county, to go upon the recognizance and turned over to him the money left as indemnity.

A rule of court, No. 84, provided: No attorney, or sheriff's officer or other person concerned in the execution of process, shall be received as bail in any action, unless he shall obtain leave of court or a judge thereof in vacation, or unless he is personally interested therein.

On August 8, 1887, the plaintiffs moved to strike off the appeal for the reason that C. A. Wheelock, the sheriff of Clarion

county, was the only surety upon the recognizance filed, and, by virtue of said rule, he was ineligible as bail. A rule to show cause was granted and on September 27, 1887, the court, WILSON, P. J., without opinion filed, ordered that the rule be made absolute. Thereupon the defendants took this writ, assigning the said order as error.

*Mr. John W. Reed* (with him *Mr. Harry R. Wilson*), for the plaintiffs in error:

1. Section 27, act of June 16, 1836, P. L. 723, and § 1, act of March 20, 1845, P. L. 188, provide the rules, regulations and restrictions, under which a party may appeal from an award of arbitrators, and the conditions of the recognizance required. A rule of court, adding provisions and conditions not in the statute, is void: Hickernell v. Carlisle Bank, 62 Pa. 146; Reist v. Heilbrenner, 11 S. & R. 131.

2. If the recognizance were defected, the parties appealing should have been called upon by a rule to perfect it, or in default thereof, to have their appeal dismissed; it was error to quash the appeal in the first instance: Means v. Trout, 16 S. & R. 349; Koenig v. Bauer, 57 Pa. 168; Adams v. Null, 5 W. & S. 363. "The irregularity of taking an attorney as bail is good ground, not for quashing the appeal, but for an order to enter other bail within a specified period after objections:" Short v. Rudolph, 1 Pittsb. 50.

*Mr. B. J. Reid*, for the defendants in error:

1. When we moved to strike off the appeal in this case, the defendants chose to plant themselves on the sufficiency of their recognizance as it stood, and on the alleged infirmity of the rule of court; and, having thus selected their battle ground and declined the opportunity to correct their own error, they should be held to their election. In the cases cited by the defendants, and in almost every case upon the subject, the appellants promptly moved for leave to perfect the recognizances. In Means v. Trout, GIBSON, C. J., says: " There can be neither injustice nor hardship in *suffering* the appellant to perfect it as soon as the defect is discovered." And see Carr v. McGovern, 66 Pa. 458; Carter v. Hess, 3 W. N. 325; Lovering v. Commonwealth, 1 Pittsb. 333. It is unnecessary to discuss

the validity of the rule; we doubt that there is a judicial district in the state without such a rule.

OPINION, MR. JUSTICE HAND:

In the court below an action of ejectment was brought and an award of arbitrators obtained in favor of the plaintiffs. The defendants appealed from the award, filed their affidavit and recognizance for appeal, and paid all costs. The appeal complied strictly with the act of assembly. The plaintiffs' attorneys obtained a rule to show cause why the appeal from the award should not be stricken off for the reason that the sheriff of Clarion county was the only surety upon the recognizance filed, and by virtue of the rule of court he was ineligible as bail, leave of court or a judge thereof not having been previously obtained. The rule to show cause was made absolute, and the appeal stricken from the record with no opportunity to perfect it. This is the error complained of.

The exception to the action of the court is well taken. It was said in Means v. Trout, 16 S. & R. 349, that the proper course is to call on the appellant, by a rule, to perfect his bail within a specified period, or in default of it to have his appeal quashed. The same was said with emphasis in Koenig v. Bauer, 57 Pa. 168. It is immaterial that the appellant did not offer to perfect the bail, for he should be called on by a proper rule for a perfect recognizance: Adams v. Null, 5 W. & S. 363. The rule of court in this case is not in question. It is proper for the court to control its own officers in this respect, but rules of court are for the purpose of promoting justice, not to prevent it, much less by their mode of execution to set aside an act of assembly. The case of Carr v. McGovern, 66 Pa. 458, does not militate against the practice as established by the cases cited. In that case THOMPSON, C. J., says, "there was no appeal taken in fact or in law. It was not simply a defective recognizance, but an essential prerequisite was wanting. The costs were not paid when they were duly taxed. It was an incurable defect."

The judgment in this case is reversed, with directions to reinstate the appeal, but leaving the appellees to the remedy indicated.