# Lentz *v.* Kittanning Real Estate Company, Appellant.

*Justices of the peace—Appeals—Affidavit of officer of corporation—Sufficiency—Act of March 25, 1903, P. L. 61.*

Where service was made upon a corporation in the person of its secretary, who subsequently appeared and testified at the hearing before the justice of the peace, and afterwards made affidavit in an appeal to the common pleas, such affidavit, in accordance with the provisions of the Act of March 25, 1903, P. L. 61, is sufficient, although it does not specifically aver that the affiant is the secretary of the corporation.

*Justices of the peace—Appeal—Payment of costs—Act of May 29, 1907, P. L. 306.*

By the Act of May 29, 1907, P. L. 306, two methods of appeal are open to defendant: It can pay the costs and give bail absolute

in double the probable amount of costs accrued and likely to accrue, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such case against the appellant in accordance with the provisions of the Act of March 20, 1845, P. L. 188; or it may give good and sufficient bail absolute for the payment of debt, interest and costs that have accrued or will accrue on affirmance of the judgment, in which event, it will not be required to pay any costs before taking an appeal.

Where a defendant neglects to pay the costs, which was necessary to perfect the appeal, it cannot later turn to the second method of appeal by changing the condition of the bond so as to cover debt, interest and costs, under the guise of perfecting the recognizance.

Argued April 18, 1919. Appeal, No. 155, April T., 1919, by defendant, from judgment of C. P. Armstrong Co., June T., 1918, No. 18, striking off appeal in the case of Fred C. Lentz v. Kittanning Real Estate Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Motion to strike off appeal from justice of the peace. Before KING, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered an order striking off the appeal. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*H. A. Heilman,* for appellant.

*H. N. Snyder,* for appellee.

OPINION BY KELLER, J., July 17, 1919:

The plaintiff, Fred C. Lentz, sued the defendant, Kittanning Real Estate Company, a corporation, before a justice of the peace, in an action of assumpsit. The sum-

mons was served on George H. Burns, secretary of the defendant company and return so made by the constable. At the hearing Burns appeared and was sworn on behalf of the defendant. Judgment was entered against the defendant for $69. The defendant appealed and coincident therewith Burns made affidavit before the justice that the appeal was not taken for the purpose of delay but because he verily believed that injustice had been done. At the same time the defendant entered bail with surety in the sum of $150, "as bail absolute in this case, conditioned for the payment of all costs accrued or may be legally recovered against the appellant," but paid no costs. The appeal was duly entered in the prothonotary's office, whereupon the plaintiff moved to strike it off, on the grounds: (1) That the affidavit failed to show that George H. Burns was either the agent or attorney for the defendant; (2) that the bond on appeal was defective; (3) that the costs in the case had not been paid. The learned judge of the court below held that the affidavit did not comply with the provisions of the Act of March 25, 1903, P. L. 61, in that it did not appear that Burns was either the agent or attorney of the defendant, and without considering the other reasons assigned, entered an order striking the appeal from the records, from which order the defendant appealed.

Previous to the passage of the Act of July 14, 1897, P. L. 271, various special acts of assembly were in force in the several counties of the State, relative to the affidavit to be made on appeal from judgments obtained before justices of the peace, in some of which the affidavit was to be made by the appellant, in others by the appellant or some one acting in his behalf, and in still others by the appellant, his agent or attorney. By that act it was provided that after July 1, 1897, no such appeal should be entertained unless the appellant or his agent or attorney should make affidavit that the appeal was not for delay but because he verily believed that injustice had been done. This was amended by the Act of March

25, 1903, by changing the word "entertained" to "allowed" and by requiring the affidavit to be in writing and made "at the time of taking said appeal."

A corporation must necessarily act in such case through its officers or agents. It cannot itself make affidavit. Therefore as early as 1817, it was provided by act of assembly: "In case of appeal, certiorari or writ of error by any corporation, the oath or affirmation required by law shall be made by the president or other chief officer of the corporation, or in his absence by the cashier, treasurer or secretary": Act of March 22, 1817, 6 Sm. L. 438, sec. 4; Turnpike Co. v. Cullen and Crane, 8 S. & R. 517. It is true that section 4 of this act has been repealed by the Act of May 19, 1897, P. L. 67, regulating the practice, bail, costs and fees on appeals to the Supreme and Superior Courts, but section 1 of the latter act requires the affidavit in such appeals to be made by one of the chief officers of the corporation appellant or its agent or attorney. There is certainly nothing in the acts expressive of a purpose to take away from the president and secretary of a corporation the right as such officers, to make the required affidavit on its behalf. By the Act of July 9, 1901, P. L. 614, service of process in a suit against a corporation may be made upon the secretary. The defendant was brought into court by service of the summons upon George H. Burns, secretary. He appeared and testified in its behalf. He made the affidavit required by the Act of 1903. It is true he did not, in the affidavit, describe himself as the secretary of the defendant company, but the same formality and precision is not generally demanded in proceedings before a justice that is required in the court of common pleas: Means v. Trout, 16 S. & R. 349. If Burns was not secretary of the corporation, the defendant was not in court; if he was, he had a right to make the affidavit on its behalf. In our opinion, the reason specified by the court below was insufficient to support the order. This requires an examination of the other reasons assigned in the motion to

strike off the appeal, for a correct judgment will not be disturbed although based on an erroneous reason: Busch v. Calhoun, 14 Pa. Superior Ct. 578.

By the Act of May 29, 1907, P. L. 306, two methods of appeal were open to the defendant. It might pay the costs and give bail absolute in double the probable amount of costs accrued and likely to accrue, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that might be legally recovered in such case against the appellant, in accordance with the provisions of the Act of March 20, 1845, P. L. 188, or it might give good and sufficient bail absolute for the payment of debt, interest and costs that had accrued and would accrue on affirmance of the judgment, in which event it would not be required to pay any costs before taking the appeal. Unfortunately for the defendant in this case, it adopted neither course. Had there been merely some defect in the form or execution of the recognizance or bond on appeal, under the practice since Means v. Trout, 16 S. & R. 349, it would have been the duty of the court below to give the appellant reasonable opportunity to perfect the recognizance or bond before striking off the appeal: Koenig v. Bauer, 57 Pa. 168; Kerr v. Martin, 122 Pa. 436; Carbaugh v. Sanders, 13 Pa. Superior Ct. 361. But the bond filed by the defendant was in substantial conformity with the requirements of the Act of March 20, 1845, P. L. 188. The defendant neglected, however, to pay the costs, which was necessary to perfect the appeal if bail for the payment of costs only was entered. This was an incurable defect: Carr v. McGovern, 66 Pa. 457; and requires the striking off of the appeal: Carbaugh v. Sanders, 13 Pa. Superior Ct. 361. The defendant, after electing one method of appeal, but failing to perfect it by not paying the costs accrued, could not later turn to the second method of appeal by changing the condition of the bond so as to cover the debt, interest and costs, under the guise of perfecting the recognizance.

518 LENTZ *v.* KITTANNING REAL EST. CO., Appel.

Section 4, of the Act of March 22, 1817, supra, and Section 1 of the Act of March 15, 1847, P. L. 361, requiring corporations to give bail absolute for payment of debt, interest and costs on all appeals, have been specifically repealed by the Act of May 19, 1897, P. L. 67, pp. 72 and 73, respectively.

The order is affirmed at the costs of the appellant.