## Erdley v. Harpster.

*S. D. Gettig* and *John J. Bower*, for rule; *John G. Love*, contra.

FLEMING, P. J., July 10, 1928.—A rule was issued by the late Judge Keller on Nov. 9, 1926, on the motion of the plaintiff, directing the defendant to appear and show cause why the appeal from the judgment rendered by Michael Womer, Esq., justice of the peace, State College, Pa., in favor of the plaintiff and against the defendant should not be stricken from the record. The reasons assigned were *(a)* because the appeal affidavit is not signed by the appellant, J. G. Harpster, and *(b)* because no bail is entered by the appellant, J. G. Harpster, for debt, interest and costs as required by law. The only paper attached to the record purporting to be bail is a recognizance to the Court of Quarter Sessions for the appearance of the said J. G. Harpster at the September Sessions of 1926. The justice of the peace from whom such appeal was taken is now deceased and we are informed that his docket is temporarily lost.

We do not feel that this rule should be made absolute in the present state of the record. It is our opinion that the appellant should be given an opportunity to perfect his appeal before the rule is finally determined.

We shall first consider the objection raised to the affidavit of appeal. It bears the proper caption of this case, recites the exact amount of the judgment and the costs of the justice of the peace and constable, and is signed by the justice himself, supported by his official seal and the date of the expiration of his commission. It certifies that the appellant appeared before him and was qualified according to law; that the appeal was entered not for the purpose of delay, but that if the proceedings appealed from are not removed,

the appellant will be required to pay money that is not justly due. This is not the exact wording of the Act of March 25, 1903, P. L. 61, which requires the appellant to "make affidavit in writing that the appeal is not for delay, but because he verily believes injustice has been done." It is, however, a substantial compliance with the requirements thereof and is capable of being perfected: Dean v. Delaware, Lackawanna & Western R. R. Co., 19 Dist. R. 101; Kachinski v. Smitka, 18 Luzerne Legal Reg. 15. The main objection to the affidavit of appeal is that it has not been signed by the appellant. In Womelsdorf v. Heifner, 104 Pa. 1, it is held that in every instance where the appeal is defective in statutory requirements it should be perfected later, where no injury may result. Mr. Justice Paxson, in his opinion, says: "The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal." Here, the justice of the peace certified that the appellant had appeared before him and had sworn and subscribed to the affidavit of appeal. Of course, he did not sign the affidavit, but it is plain that the reason for this omission was the evident failure of the justice of the peace to direct him so to do. If the appellant still is willing to subscribe to the required oath, there is no reason why he should be deprived of having the matter adjudicated in this court.

As to the defective bail, the entire weight of authority seems to favor the right to the appellant to perfect the same: Lord and Drake v. Hodgson, 18 Dist. R. 72; United States Casualty Co. v. Dubar, 18 Dist. R. 660; Thomas v. Hottenstein, 47 Pa. C. C. Reps. 104; Gharet v. Johnson, 4 D. & C. 173; Kerr et al. v. Martin et al., 122 Pa. 436; Lentz v. Kittanning Real Estate Co., 72 Pa. Superior Ct. 513.

It is true that the form of the bail is wholly irregular, but we must take into cognizance the fact that the appellant attempted, in good faith, to comply with the statutory requirements and feel that he was misled by the justice of the peace who submitted to him, and who permitted him to sign, a wrong form. The paper purporting to be bail in this case shows the penal sum, the intent to be bound and contains the signatures of the principal and surety, as well as the attestation of the justice of the peace indicating his approval thereof. The appellant was without counsel at the time of taking the appeal and cannot be charged too heavily with the niceties of the procedure.

The question of the appellant's laches has been raised by counsel for the plaintiff. The record shows that judgment was rendered by the justice of the peace on Aug. 5, 1926; that appellant immediately gave notice of an appeal; that the papers purporting to be bail and the affidavit of appeal were executed on Aug. 30 and 31, 1926, respectively, and that the transcript was filed in this court on Sept. 7, 1926. The fact that the matter has not been brought before the court for final determination before this is wholly excusable in the light of the death of Judge Keller and the death of the justice of the peace, Womer. The death of the latter almost wholly prevented the appellant from perfecting his appeal, as even now this court must specifically aid in directing the manner in which such shall be perfected.

And now, July 10, 1928, it is ordered that if the appellant shall, within fifteen days, appear before Frank Miller, Esq., justice of the peace, State College, Pa., the successor of the late Michael Womer, Esq., justice of the peace, and shall perfect his affidavit of appeal and bail in the manner prescribed by law, the rule to show cause why the appeal should not be stricken off will be discharged; otherwise it will be made absolute.