## Hallam v. Minnemeyer-Thompson Motor Company.

*Lloyd O. Hart*, for plaintiff; *Joseph C. Spriggs*, for defendant.

CUMMINS, J., September 29, 1930.—Judgment having been given in favor of the plaintiff and against the defendant for $52.50 before a magistrate, an appeal was taken by the defendant from said judgment to the court of common pleas, a motion to strike off which appeal is now before the court *in banc*. The reason assigned in support of the motion to strike off is that the appeal bond is defective.

The appeal bond reads as follows: "And now, July 9, 1930, . . . bail justified on oath defendant held in $25 as bail absolute for the payment of debt, interest and costs that have accrued or will accrue on affirmance of the judgment, or that may be legally recovered against the appellant." Signed "Minnemeyer-Thompson Motor Co., M. G. Thompson."

Under the Act of March 20, 1845, P. L. 188, upon appeal from a judgment of a magistrate, the appeal bond required was "bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants." By the Act of June 24, 1885, P. L. 159, as amended by the Act of May 29, 1907, P. L. 306, it is provided that upon such appeal the alderman shall be entitled to demand the costs of the case: "Provided, however, That if any appellant

shall give good and sufficient bail absolute, for the payment of debt, interest, and costs that have and will accrue on affirmance of the judgment, the appellant shall not be required to pay any costs before taking an appeal." So now an appellant has the option either (a) of paying the costs accrued and giving bond as required by the Act of June 24, 1885, or (b) of giving the bond required by the Act of May 29, 1907, where the costs are not paid: Lentz *v.* Kittanning Real Estate Company, 72 Pa. Superior Ct. 513, 517.

It appears from the magistrate's transcript, that appellant, electing to proceed under the Act of 1907, gave an appeal bond, absolute, "for the payment of debt, interest, and costs that have and will accrue on affirmance of the judgment." Complaint is made that this bond is not sufficient in amount and is without security. We are of the opinion that the bail required by the magistrate is not sufficiently large, and that surety should have been furnished, although not expressly required by the latter act; but these are not such defects as would justify the striking off of the appeal; appellee's remedy is to call upon appellant by rule to perfect his bail: Means *v.* Trout, 16 S. & R. 349, 350; Koenig *v.* Bauer, 57 Pa. 168, 171; Kerr et al. *v.* Martin et al., 122 Pa. 436, 438.

And now, September 29, 1930, motion to strike off refused.

From Harry D. Hamilton, Washington, Pa.