East Pittsburgh Building & Loan Association *v.*
Teets et ux., Appellants.

Argued April 28, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Charles J. Scheif,* for appellants.

*Stewart M. Cunningham,* for appellee.

OPINION BY STADTFELD, J., July 10, 1936:

This is an action brought by East Pittsburgh Building and Loan Association, the purchaser at Sheriff's Sale, to obtain possession of real estate. The judgment on which the land was sold was obtained on a Scire Facias sur Mortgage. The Mortgagor, Mary I. Teets, was deceased. The suit was brought against her executors and children and devisees were named as real owners of the land and were served with the writ. No affidavit of defense was filed to the sci. fa. nor any exceptions to the Sheriff's Sale or to the acknowledgment of the deed.

Philip L. Teets, one of the appellants, was a son of the deceased. When no defense was filed, judgment was taken and the land sold by the Sheriff and purchased by the appellee. The purchaser then brought this suit for possession and, in answer to the Petition and Citation, the appellants allege that counsel for the appellee was also counsel for the estate of the deceased mortgagor and agent for the appellants, and failed and refused to collect an alleged claim against one of the heirs and by reason thereof the mortgagee had no right to proceed to collect its mortgage. The case was placed on the Argument List on Petition and Answer filed. The court below held the Answer insufficient and entered judgment in favor of the plaintiff and refused a reargument of the case.

The assignments of error are (1) the entry of the order in favor of the plaintiff and against the defendant for possession of the real estate described in the writ, and (2) the refusal of reargument.

(1) Appellants rely chiefly on the averment in their answer: "...... the property was foreclosed ...... under such circumstances as to render said foreclosure voidable and perhaps void, ...... That Stewart M. Cunningham, Esq., represented in said transaction the East Pittsburgh Building and Loan Association, the plaintiff, and the Mary I. Teets Estate, in which defendants are residuary legatees, without the knowledge or consent of the defendants, Philip Teets and Beulah Teets, part owners of said real estate described in plaintiff's petition, as alleged in the third paragraph of plaintiff's petition. ...... That in proceedings in Orphans' Court of Allegheny County, and in the Common Pleas Court of Allegheny County, herein referred to, Stewart M. Cunningham, Esq., was the attorney in law and in fact and of record for the Estate of Mary I. Teets and for the plaintiff herein. That the interest of the parties to said foreclosure proceedings were antagonistic. That as agent for the defendant, Stewart M. Cunningham failed or refused to make any effort to collect debts owed the said estate in the amount of Thirty-five hundred ($3500.00) dollars with interest, owed by one E. E. Teets of Turtle Creek, Pennsylvania, who is the owner of assets and property worth more than Thirty-five hundred ($3500.00) dollars; and that by his failure to collect or attempt to collect said amount, the money was not available to pay off said mortgage of the plaintiff."

By the reference to the proceedings in the orphans' court referred to in appellant's answer, it appears that Philip L. Teets, of appellants, was represented by M. E. Evashwick, Esq., as counsel.

It is not necessary to consider the alleged dual rep-

resentation of Mr. Cunningham as counsel for the mortgagor in the foreclosure proceedings, as well as representing the estate of Mary I. Teets, deceased. Assuming the truth of the averment in the answer of Philip L. Teets, that the said Cunningham failed or refused to make any effort to collect a certain debt alleged to be due the estate by E. E. Teets (one of the eight residuary legatees under the will of Mary I. Teets) and that the said averment had been set up in an affidavit of defense to the sci. fa. on the mortgage, it would not have been sufficient to prevent judgment. The sci. fa. was served not only on the executors, but also on all of the residuary heirs. No defense was filed by any of them. The judgment on the sci. fa. proceedings is therefore conclusive: *Myers v. Borough of South Bethlehem,* 149 Pa. 85, 24 A. 280; *Jenkins v. Scranton,* 205 Pa. 598, 55 A. 788; *Stradley v. Bath Portland Cement Co.,* 228 Pa. 108, 77 A. 242; *Federal Land Bank v. King,* 294 Pa. 86, 143 A. 500.

If there was any neglect or default in the collection of assets belonging to the estate, the executors would be responsible for the same. This, however, would not give rise to a defense on the foreclosure proceedings. It is a singular fact that Philip L. Teets, of appellants, is the only one of the eight residuary devisees, to file a defense to the proceedings for possession. We see no merit in the first assignment of error.

The second assignment of error is to the order refusing a reargument.

On June 14, 1935, the attorney for plaintiff filed a praecipe for argument list which was taken up on June 17, 1935. The case was disposed of on June 17, in defendant's attorney's absence. He petitioned for reargument on June 18. Appellant relies on Rules 29 and 30 of the lower court. Rule 29 provides that rules to show cause shall be entered on the Argument List on praecipe filed not less than five days before the date

of taking up the same. Rule 30 covering "Emergency Arguments" requires the presentation of a petition for special hearing and at least twenty-four hours' written notice thereof on the opposite party or on counsel of record.

We quote from the opinion of the lower court by REID, P. J.: "An examination of his petition discloses the fact that it presents no averment of lack of knowledge that the case was on the list for argument, or that Mr. Cunningham had in any way misled him. The case was at the foot of the general Argument List, being No. 104, having been specially added. Vide petition (third paragraph), which shows the counsel's knowledge that the case was down for argument the forenoon of June 17th. In the Fourth paragraph he avers that Mr. Cunningham informed him that 'he was not aware whether or not the case would be heard on the 17th or 18th.' He took the risk when he failed to come into court to observe the progress of the list. His opponent was there during the whole forenoon, and when the case was finally called, in its order, he was present and had the right to ask that the case be disposed of,—since, (as his petition admits) he had duly notified his opponent, whose duty it was to be present. In the practice of our Court it is not the duty of Counsel to keep his opponent advised of the progress of an argument list. He must honestly give him correct information,—not mislead him, but he is not his keeper and need not seek him in the Law Library to procure his presence in Court. Defendant's counsel's duty, if he had cause to absent himself from the Court during the hearing of the List, was to leave word with the Clerk as to where he could be reached. He did not do so, but took his chances that the case would not be reached."

This fully justifies the action of the lower court and we find no merit in this assignment of error.

The interpretation of rules of court is for the court which enunciates them, and, in the absence of an abuse of power, its conclusion in that respect is final: *Haverford Township School District v. Herzog,* 314 Pa. 161, 171 A. 455.

The assignments of error are overruled and the orders of the lower court affirmed.