Opinion by
 

 Keller, P. J.,
 

 On July 23, 1935, New Castle Metal Products Company brought an action arising from contract against Wyatt Campbell before J. C. Brice, Alderman of the First Ward in the City of New Castle. A hearing was had on July 27, 1935 and judgment was entered the same day for the plaintiff for $267.81. The defendant, although duly served, did not appear at the hearing, nor was he represented by an attorney. On August 16, 1935, the twentieth day after the entry of the judgment, the defendant himself appeared before the alderman and said he wanted to take an appeal. He signed the necessary affidavit, and paid the costs, but did not tender a bond or recognizance, with security, conditioned for the payment of all costs accrued or that might be legally recovered in said action, as required by section 1 of the Act of March 20, 1845, P.. L. 188, 42 PS sec. 921; nor did the alderman request that such a bond be filed. It does not appear that the alderman was asked for, or gave, any advice in the matter, or was guilty of any fraud. On the same day, August 16, 1935, the defendant filed the affidavit of appeal and transcript in the Prothonotary’s office. On March 20, 1936 the plaintiff moved to strike the appeal from the record on the ground that the appeal had not been perfected
 
 %y
 
 executing the bond required by the act of assembly. A rule was granted, to which the defendant filed an answer, proffering therewith a bond, with security, in the sum of one hundred dollars, conditioned for the payment of all costs in said appeal. After hearing argument, the court (by Chambers, P. J.) on May 29, 1936 made the rule absolute and struck off the appeal. The defendant appealed. The order will be affirmed.
 

 The authorities relied on by the appellant all relate
 
 *369
 
 to the practice where a
 
 defective
 
 recognizance or bond for costs has been filed by the appellant. In such case the established practice is to permit the appellant to perfect the recognizance or bond or file an amended one
 
 nunc pro tunc,
 
 and not dismiss the appeal until an opportunity to do so has been given the appellant:
 
 Koenig v. Bauer,
 
 57 Pa. 168;
 
 Adams v. Null,
 
 5 W. & S. 363;
 
 Means v. Trout,
 
 16 S. & R. 349, 350;
 
 Kerr v. Martin, 122
 
 Pa. 436, 15 A. 860. But that rule is not applied where no bond or recognizance whatever is filed. Where such a statutory requirement is wholly lacking the appeal will be dismissed or struck off:
 
 Guilky v. Gillingham,
 
 3 S. & R. 93;
 
 McIlhaney v. Holland,
 
 111 Pa. 634, 5 A. 731, in which the distinction is made between a defective recognizance and none at all. See also the following lower court decisions, which uphold the necessity for a compliance by the appellant with the statutory requirement of entering bail for costs in order to sustain an appeal to the common pleas:
 
 Souders v. Potteiger, 2
 
 Woodward 18 (Woodward, P. J. — Berks Co.);
 
 Kuhns v. Sack,
 
 28 Dist. Rep. 1031 (McConnell, P. J. — Westmoreland Co.);
 
 Reeves v. Service Appliance Co.,
 
 8 Wash. Co. 115, 117, 76 Pitts. L. J. 360 (Brownson, P. J. — Washington Co.);
 
 Frecon v. Mumper,
 
 27 D.
 
 &
 
 C. Rep. 511 ( Sheely, P. J. — Adams Co.).
 

 An appeal will be quashed where the appellant has failed to comply with another statutory requirement necessary in order to sustain an appeal, viz., the payment of all costs accrued:
 
 Carbaugh v. Sanders,
 
 13 Pa. Superior Ct. 361;
 
 Carr v. McGovern,
 
 66 Pa. 457;
 
 Lentz v. Kittanning Real Est. Co.,
 
 72 Pa. Superior Ct. 513; unless the appeal is taken under the proviso of the Act of May 29, 1907, P. L. 306, and the appellant gives “bail absolute for the payment of debt, interest and costs that have and will accrue on the affirmance of the judgment,” in which case, “the appellant shall not be
 
 *370
 
 required to pay any costs before taking an appeal”:
 
 Lentz v. Kittanning Real Est. Co.,
 
 supra.
 

 This court will adopt the lower court’s interpretation of its own rules unless clearly erroneous:
 
 Frank v. Colhoun,
 
 59 Pa. 381;
 
 Haverford Twp. School Dist. v. Herzog,
 
 314 Pa. 161, 163, 164, 171 A. 455;
 
 East Pittsburgh B. & L. Assn. v. Teets,
 
 123 Pa. Superior Ct. 117, 122, 186 A. 166. We are in accord with the interpretation placed upon Rule 8 of the court below by President Judge Chambees.
 

 While the matter was not questioned in the lower court or in this court, the bond proffered with the defendant’s answer was defective, in that the obligee was the County of Lawrence instead of the plaintiff in the action or appellee in the appeal: Binn’s Justice of the Peace, p. 107 (13th Ed.). The County of Lawrence is not a party to this action.
 

 The order is affirmed.