## Dougherty *v.* Greggs, Appellant.

Argued April 10, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*A. Grant Walker*, with him *Gunnison, Fish, Gifford
& Chapin*, for appellant.

*John A. Spaeder*, with him *Ritchie T. Marsh* and
*Marsh, Spaeder, Baur & Marsh*, for appellee.

OPINION BY DITHRICH, J., July 19, 1946:

The appellant was the defendant in an action of
trespass before a justice of the peace from whose judg-
ment he appealed to the court of common pleas. He
has appealed to this court from the order of the court
below quashing his appeal and refusing his motion to
perfect the appeal. The single question involved is
whether the appeal to the court of common pleas was per-
fected within the statutory period of twenty days after
judgment.

The plaintiff sued in trespass to recover damages
sustained in an automobile collision. The justice of the
peace entered judgment for the plaintiff in the amount
of $254.30 on March 12, 1945. On March 23, 1945, the
defendant filed an affidavit on appeal together with
a bond in the amount of $50.00 conditioned for the pay-
ment of all costs that had accrued or that might accrue.
The transcript, filed in the court below, shows the costs
accrued on that date amounted to $8.00 and defendant
paid only $1.00, which was the fee for the transcript and
certificate. A receipt is attached to the transcript ac-
knowledging payment of $7.00, the balance of the costs,

on April 14, 1945. On April 9, 1945, plaintiff moved to quash the appeal. The learned court granted the motion, holding that the appellant had not complied with statutory requirements.

Appeals from the judgments of aldermen and justices of the peace are governed by the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, §4, 42 P. S. §662, which provides that either party has the right to appeal ". . . within twenty days after judgment . . ." Two methods of appeal were open to the defendant. He could have paid the justice's costs, and given bail absolute in double the probable amount of costs accrued and likely to accrue as provided by the Act of March 20, 1845, P. L. 188, 42 P. S. §921, or he could have given bail absolute for the payment of debt, interest, and costs that had accrued and would accrue on affirmance of the judgment, in which event he would not be required to pay any costs before taking the appeal. (1885 June 24 P. L. 159, §1; 1907 May 29 P. L. 306, §1, 42 P. S. §928) But as stated in *Lentz v. Kittanning Real Estate Company,* 72 Pa. Superior Ct. 513, 517: "Unfortunately for the defendant in this case, it adopted neither course. Had there been merely some defect in the form or execution of the recognizance or bond on appeal, under the practice since Means v. Trout, 16 S. & R. 349, it would have been the duty of the court below to give the appellant reasonable opportunity to perfect the recognizance or bond before striking off the appeal: Koenig v. Bauer, 57 Pa. 168; Kerr v. Martin, 122 Pa. 436; Carbaugh v. Sanders, 13 Pa. Superior Ct. 361. But the bond filed by the defendant was in substantial conformity with the requirements of the Act of March 20, 1845 P. L. 188. *The defendant neglected, however, to pay the costs, which was necessary to perfect the appeal if bail for the payment of costs only was entered.* This was an incurable defect: Carr v. Mc-Govern, 66 Pa. 457; and requires the striking off of the appeal: Carbaugh v. Sanders, 13 Pa. Superior Ct. 361." (Italics supplied.)

And in *New Castle Metal Products Company v. Campbell,* 131 Pa. Superior Ct. 367, 369, 200 A. 118, we held that: "An appeal will be quashed where the appellant has failed to comply with another statutory requirement necessary in order to sustain an appeal, viz., the payment of all costs accrued (citing cases) unless the appeal is taken under the proviso of the Act of May 29, 1907, P. L. 306, and the appellant gives 'bail absolute for the payment of debt, interest and costs that have and will accrue on the affirmance of the judgment,' in which case, 'the appellant shall not be required to pay any costs before taking an appeal': Lentz v. Kittanning Real Est. Co., supra."

Appellant in the instant case apparently intended to adopt the former method, for his bond in the amount of $50.00 was sufficient to cover costs likely to accrue, but unfortunately he neglected to perfect his appeal, within the statutory period of twenty days after judgment, by paying to the justice of the peace the costs already accrued.

He urges upon us, however, that it was within the court's discretion to allow him to perfect his appeal nunc pro tunc. It is true that the court below had such discretionary power: *A. J. Kutz & Son v. Skinner,* 7 Pa. Superior Ct. 346, 348. But in order to justify the exercise of discretion, there must be something more than mere hardship or lack of diligence; there must be fraud or its equivalent: *Higgins v. The Educators,* 147 Pa. Superior Ct. 400, 403, 24 A. 2d 19. In *Adelman, Trustee, v. John McShain, Inc.,* 148 Pa. Superior Ct. 138, 24 A. 2d 703, we held that the court below was guilty of an abuse of discretion in permitting an appeal nunc pro tunc from judgment entered in a magistrate's court. We there said, speaking through RHODES, J., p. 142: "There can be no extension of time for taking such an appeal as in the present case as a matter of indulgence, nor can the law fixing the period within which such an appeal shall be taken be arbitrarily overridden. . . . We fail to find any-

thing in the record proper which would justify the court below in allowing an appeal nunc pro tunc. In doing so there was a clear abuse of discretion; for this reason we are constrained to refuse the order." In the instant case, appellant having failed to pay the costs within the statutory period and no substantial reason appearing for his failure so to do, the learned court below was not called upon to exercise its power of discretion in the matter. It had no alternative but to quash the appeal.

The order is affirmed.