## Wattenmacher v. Schaeffer

*Oscar Rosenbaum*, for plaintiff.

*D. J. McCauley, Jr.*, for defendant.

WINNET, J., October 14, 1947.—This is an unusual case. We have a plaintiff who lost his suit before a magistrate. He appeals from a decision for defendant to this court. A motion has been filed to quash the appeal for the reason that it does not comply with the acts of assembly which provide for bail absolute in double the amount of the accrued costs and costs likely to accrue.

The statutes which govern appeals from judgments of aldermen and justices of the peace are outlined in the case of Dougherty v. Greggs, 159 Pa. Superior Ct. 166, 168, where the court said:

"Appeals from the judgments of aldermen and justices of the peace are governed by the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, §4, 42 P. S. §662, which provides that either party has the right to appeal . . . 'within twenty days after judgment . . .' Two methods of appeal were open to the defendant. He could have paid the justice's costs, and given bail absolute in double the probable amount of costs accrued and

likely to accrue as provided by the Act of March 20, 1845, P. L. 188, 42 P. S. §921, or he could have given bail absolute for the payment of debt, interest, and costs that had accrued and would accrue on affirmance of the judgment, in which event he would not be required to pay any costs before taking the appeal. (1885 June 24, P. L. 159, §1; 1907 May 29, P. L. 306, §1, 42 P. S. §928)."

Since the judgment before the magistrate was for defendant and no "payment of a debt" involved, the Act of 1885 would not apply. To perfect his appeal plaintiff must pay the justice's costs and give bail absolute in double the probable amount of the costs accrued, and likely to accrue, as provided in the Act of 1845. In the Dougherty case appellant entered a bond but failed to pay the justice's costs, and the appeal was quashed, the court saying that the requirements of the act are mandatory and an appeal nunc pro tunc could only be allowed if there is "fraud or its equivalent": Higgins v. The Educators, 147 Pa. Superior Ct. 400, 403; Adelman, Trustee, v. John McShain, Inc., 148 Pa. Superior Ct. 138.

Counsel for defendant argues that he has filed a bond and points to the transcript filed in the case as evidence of the bond. This transcript contains the following: "I————————hold myself indebted to the defendant in the sum of————————conditioned for————————all costs that have or may accrue in this case up to the final determination of this suit, and that the defendant will prosecute his appeal with effect. Signed: Isadore Wattenmacher     Residence, 6056 Irving St., Phila., Pa." This, argues counsel, is the bond for bail absolute. And if it is defective, continues the argument, by reason of the blanks, then the court should give leave to file a proper bond nunc pro tunc in accordance with Means v. Trout, 16 S. & R. 349, and Burgess, etc., v. Jackson, 2 P. & W. 431. Unfortunately for counsel we cannot construe plaintiff's

signature to a bunch of blanks as a defective bond. A bond is a specialty contract to pay a sum definite upon stated conditions. The requirements are entirely lacking here. Plaintiff has put his signature to blanks with a condition that defendant shall prosecute his appeal when he is the one who must do it. Bail absolute, or the bond, in such cases must be given to a magistrate or a justice of the peace, and obviously this was not done in the present case.

This appeal, which lacks the statutory requirements, is a nullity, and may be quashed or stricken off: New Castle Metal Products Company v. Campbell, 131 Pa. Superior Ct. 367.

The rule to show cause why the appeal should not be quashed is made absolute.