## Nolan v. Smythe.  No. 1

*A. Grant Walker*, for plaintiff.
*Hosbach & Good*, for defendant.

EVANS, P. J., June 20, 1950.—This matter is before us on a motion to strike off an appeal from a judgment entered for plaintiff by Alderman George J. Brabender

in the amount of $113.60. The appeal was filed with the prothonotary on May 3, 1949, and notice by registered mail was served on plaintiff May 13, 1949. The appeal is claimed to be defective for the reason that the bond purports to be bail absolute, but is for the sum of $50 only. Although the record so shows, nevertheless the full costs in the amount of $12.65 were paid, and $50 is the proper amount to cover costs to accrue.

In Dougherty v. Greggs, 159 Pa. Superior Ct. 166, cited by plaintiff as authority for his contention that the bond is inadequate, defendant gave bond for costs to accrue only, and did not pay the costs already incurred. Here appellant did what was within his power to take an appeal under the Act of March 20, 1845, P. L. 188, 42 PS §921. The error in preparing a correct transcript was that of the alderman, but appellant's appeal procedure was proper.

The second reason given is that the Ohio Casualty Insurance Company, which executed the bail bond as surety, is not approved and properly qualified to act in that capacity. Downing v. Erie City School District et al., 360 Pa. 29, holds, in effect, that an insurance company may enter into a binding contract irrespective of the law of this State relative to supervision by the Insurance Commissioner. However, we do not believe that our acts of assembly, passed for the purpose of protecting our citizens through the office of the Insurance Commissioner, can be ignored. The Ohio insurance company may be a company organized and authorized for the purpose of becoming surety on bonds, but it is not qualified to do business in this State, which requires a certificate of qualification to be filed in the prothonotary's office. This defect in the record, however, we feel can be corrected nunc pro tunc. In view of the steps necessary to effect a proper appeal, we of our own motion will strike off the entry of a non pros, for want of an appearance and complaint, filed May 25, 1949.

And now, to wit, June 20, 1950, the rule to show cause, granted June 6, 1949, on the motion to strike off defendant's appeal, is discharged on condition that the appeal be perfected by properly qualifying the Ohio Casualty Insurance Company to act as surety within 30 days; on failure of the Ohio insurance company to so qualify to act as surety in Erie County within 30 days, the appeal shall be stricken from the record and the costs placed upon defendant. The non pros for want of appearance and complaint, entered May 25, 1949, is stricken from the record; plaintiff is ordered to enter an appearance and file his complaint in accordance with the laws of Pennsylvania, dating from receipt of notice from defendant that the appeal has been perfected in accordance with this order.