## Milides, etc., v. Vlahakis et ux.

*George F. Coffin,* for plaintiff.
*Nathan L. Reibman,* for defendant.

BARTHOLD, P. J., October 8, 1951.—Plaintiff, Harry Milides, trading as Calamati Importing Company, instituted an action in assumpsit against defendants, James Vlahakis and Stella J. Vlahakis, trading as Bluebird Candy Shop, before Alderman Louis Odenwelder of the City of Easton. A hearing was held before the alderman on June 18, 1951, and on the same day judgment in the sum of $276.80, together with all costs, was publicly rendered in favor of plaintiff and against defendants. On July 7, 1951, the attorney for defendant, Stella J. Vlahakis, took an appeal from the judgment by executing the required appeal-affidavit and by entering bail in the following form:

"Now July 7th 1951, Defendant appeals. Bail justified. I am held in the sum of Six Hundred Dollars as bail absolute in this case, conditioned for the payment of all costs accrued, or may be legally recovered against the appellant, Stella J. Vlahakis. (signed) Stella J. Vlahakis By: Nathan L. Reibman, her attorney."

Defendant, James Vlahakis, did not appeal. The transcript of appeal requested by defendant, Stella J. Vlahakis, was filed in the office of the Prothonotary of Northampton County on July 7, 1951. No costs were paid to the alderman.

On July 17, 1951, plaintiff filed a motion to quash the appeal based upon the following grounds:

"1. The said Stella J. Vlahakis failed to perfect her appeal in accordance with law, in that without paying any costs to the alderman, did attempt to file bond in the form" as hereinabove set forth.

"2. That the bond is a nullity and of no effect, for the reason: (a) That it has not been executed by one or more sureties as required by law; (b) that the affidavit as required by the act of assembly in the appeal was not signed by Stella J. Vlahakis, but was signed by Nathan L. Reibman, as her attorney, and that the bond is not signed by Stella J. Vlahakis, appellant, as required, but by Nathan L. Reibman, her attorney; (c) that the authority of an attorney to take an affidavit and enter into a recognizance is limited to cases of certiorari sued out to remove a proceeding of a justice or alderman to the common pleas or quarter sessions; (d) that the bond is further defective in that appellant failed to pay the costs to the alderman and that the bond is not conditioned for the payment of debt, interest and costs accrued or to accrue or that may be legally recovered, but is limited solely to costs accrued and that may be legally recovered."

It is at once apparent that the appeal bond or recognizance is defective, in that it does not cover "debt, interest, and costs that have and will accrue on affirmance of the judgment," as required by the Act of June 24, 1885, P. L. 159, sec. 1, and the Act of May 29, 1907, P. L. 306, sec. 1, 42 PS §928. It is also defective in that it was not signed by a surety.

Appeals from the judgments of aldermen and justices of the peace are governed by the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 4, 42 PS §662, which provides that either party has the right to appeal ". . . within twenty days after judgment. . . ." Two methods of appeal were open to defendant, Stella J. Vlahakis: (1) She could have paid the alderman's costs and given bail absolute in double the probable amount of costs accrued and likely to accrue as provided by the Act of March 20, 1845, P. L. 188, sec. 1, 42 PS §921; or (2) she could have given bail absolute for the payment of debt, interest and costs that had accrued and would accrue on affirmance of the judgment: Act of June 24, 1885, P. L. 159, sec. 1; Act of May 29, 1907, P. L. 306, sec. 1, 42 PS §928. When the first method is adopted the payment of the justice's costs is a preliminary requisite, the non-observance of which requires the striking off of the appeal: Carr v. McGovern, 66 Pa. 457; Carbaugh v. Sanders, 13 Pa. Superior Ct. 361; Lentz v. Kittanning Real Estate Co., 72 Pa. Superior Ct. 513. When the second method is adopted appellant is not required to pay any costs before taking the appeal: Act of May 29, 1907, P. L. 306, sec. 1, 42 PS §928; Lentz v. Kittanning Real Estate Co., supra; New Castle Metal Products Co. v. Campbell, 131 Pa. Superior Ct. 367, 369; Dougherty v. Greggs, 159 Pa. Superior Ct. 166, 168, 169.

In the instant case a bona fide attempt was made to perfect the appeal in accordance with the Act of 1907, supra. While the bond executed by defendant's attorney covers only "all costs accrued, or may be legally recovered against the appellant, Stella J. Vlahakis," nevertheless it is denominated "bail absolute" in the sum of $600, an amount sufficient to cover "debt, interest, and costs that have and will accrue on affirmance of the judgment." In these circumstances appellant should be permitted to perfect the recognizance

or bond: Knaake v. Bennis, 21 Lehigh 21. Similarly, the absence of surety is an amendable defect: Breeden v. Lehman, 53 York 135.

Where a defective recognizance or bond has been filed it is the established practice to permit appellant to perfect the recognizance or bond or file an amended one nunc pro tunc and not dismiss the appeal until an opportunity has been given appellant to remedy the defects: Koenig v. Bauer, 57 Pa. 168; Adams v. Null, 5 W. & S. 363; Means v. Trout, 16 S. & R. 349, 350; Kerr v. Martin, 122 Pa. 436; New Castle Metal Products Co. v. Campbell, supra, 369. Where no bond or recognizance whatever is filed the appeal will be dismissed or struck off: Guilky v. Gillingham, 3 S. & R. 93; McIlhaney et al. v. Holland, 111 Pa. 634; New Castle Metal Products Co. v. Campbell, supra, 369. A distinction is made between a defective recognizance and none at all: McIlhaney et al. v. Holland, supra.

There is no merit in the contention that the affidavit for the appeal is insufficient because signed by defendant's attorney and not by defendant. The acts of assembly requiring the filing of an affidavit that the appeal is not for delay specifically allow appellant, or his attorney or agent, to make such affidavit at the time of taking the appeal: Act of July 14, 1897, P. L. 271, sec. 1; Act of March 25, 1903, P. L. 61, sec. 1, 42 PS §919. See also Cobb v. Steiger, 9 Dist. R. 147, wherein it was decided that an agent may make the affidavit.

The contention that the bond is defective because it was signed by defendant's attorney rather than by defendant is also without merit. The bond was executed in the following manner: "Stella J. Vlahakis By: Nathan L. Reibman, her attorney." It was not the attorney personally that was to be bound but rather appellant: Hoole v. Kelly, 44 Lack. Jur. 71. The at-

torney was acting as appellant's agent and as such he could properly execute the bond: Cobb v. Steiger, supra.

We conclude, therefore, that the bond is merely defective and not void and that appellant should be given time within which to perfect her appeal bond. That this is the only proper course to pursue in the case at bar is conclusively indicated by the language of the Supreme Court in Koenig v. Bauer, 57 Pa. 168, 171, where it is stated:

"It has been said so often that it will scarcely bear repeating, that the proper course when the recognizance of an appellant is defective or invalid, is not to dismiss the appeal, but to rule him to amend or perfect it, and to dismiss only as the penalty of neglect or refusal. The right of appeal and of trial by jury is too precious to be frustrated by the ignorance, incompetency or malice of inferior magistrates and officers: Means v. Trout, 16 S. & R. 349; Huntingdon Borough v. Jackson, 2 Penna. R. 431; Bream v. Spangler, 1 W. & S. 378; Adams v. Null, 5 Id. 363; Ihmsen v. Mon. Nav. Co., 3 Casey 267."

See also Wingard v. Bobal, 45 D. & C. 130; Crouse v. Novasecku, 70 D. & C. 57; Knaake v. Bennis, 21 Lehigh 21.

The bond in the amount of $600 is satisfactory but the language of the bond should otherwise be reformed. Defendant should file a recognizance or bond with good and sufficient bail absolute for the payment of debt, interest and costs that have and will accrue on affirmance of the judgment, as prescribed by the Act of 1907, supra, rather than for costs only, as prescribed by the Act of 1845, supra.

### Order

And now, October 8, 1951, motion to quash appeal to be dismissed if proper bond is filed within 15 days, otherwise motion granted.