[PHILADELPHIA, APRIL 16, 1835.]

## ROBINSON *against* BULKLY.

### IN ERROR.

A writ of error to a judgment on an award of arbitrators, issued and delivered before the expiration of the time allowed for appeal, is improvident.

THIS suit was brought by the defendent in error, before an Alderman, to recover twenty-six dollars and seventy-one cents, and interest, for work and labour. The Alderman gave judgment for plaintiff for thirty-two dollars. The defendant appealed. The declaration contained two counts, one for work and labour, and one for goods sold and delivered, alleging the cause of action in each at fifty dollars. The plaintiff took out a rule of reference; the case was arbitrated and an award for plaintiff for thirty-two dollars and seventy-six cents, which was filed 24th May, 1833. The writ of error was received in the Court below, the 11th of June, 1833, eighteen days after the award was filed.

*Holcomb,* for defendant, moved to quash the writ, on the ground, that it had been delivered, before the twenty days allowed by the act of 1810, to appeal from an award of arbitrators, had expired. The Court would not assume, in any case, that a party did not intend to appeal. It was in the discretion of either party to do so, any time within twenty days, from the filing of the award. This Court would not allow the record to be removed, or its jurisdiction to commence, until after that period had elapsed. He cited *Ebersoll* v. *Krug,* 3 *Binney,* 528.

(Robinson *v.* Bulkly.)

· PER CURIAM.—According to the principle of *Frantz* v. *Kaser*, 3 *Serg.* & *Rawle*, 395, and *Ebersoll* v. *Krug*, 3 *Binney*, 528, the writ issued improvidently. It would have been well enough, had it been delivered after the period for an appeal had elapsed; but it was delivered on the eighteenth day, and it therefore cannot be sustained.

Writ of error quashed.