## Sturdevant v. Wildoner et al.

J. Q. Creveling and P. J. O'Connor, for plaintiff.

R. H. Morrish, for defendants.

COUGHLIN, J., March 7, 1934.—Plaintiff herein brought suit to recover services for surveying and plotting ground belonging to defendants as tenants in

common. No contract fixing the price is alleged. Plaintiff avers work to have been done and sues for the value of his services, amounting to $416.51.

The affidavit of defense denied defendants entered into any such contract, but avers the same was entered into by Asher Wildoner, one of the cotenants of Scranton, which is not a party to these proceedings, although named, he not having been served with the summons. Defendants further aver that the price stipulated was $200, that the present price now demanded is excessive, and that plaintiff agreed that the payment thereof was to be made only upon sale of lots, following said plotting.

A rule for appointment of arbitrators followed, who awarded $447.40 with interest. The award was filed November 14, 1933. No appeal was taken therefrom. On December 18, 1933, a petition was presented by defendants asking that the judgment entered on said award be opened and defendants permitted to enter an appeal nunc pro tunc. The averments of said petition are to the effect that, following hearing held before the arbitrators, one of the arbitrators served notice on petitioners that the arbitrators had agreed, also informing the attorney for defendants that the award would be filed when the arbitrators received pay for their services, and that the said abritrators would notify defendant's attorney of time of filing. The petition further alleges that the first notice of the filing of the award was by communication of the attorney for plaintiff on December 13, 1933, to the effect that judgment had been entered for failure to take out an appeal.

No depositions were taken; the answer to said petition averred that notice was accepted by R. H. Morrish, attorney for defendants, on November 10, 1933, and endorsed upon the award now filed. Further answer was made, which is argumentative as to the law. But the understanding and agreement alleged between arbitrator Frank P. Slattery, Jr., and R. H. Morrish is not denied or contradicted. Included in the answer is the averment that the petition to open the judgment and permit appeal nunc pro tunc is not signed or sworn to by the defendant but by the attorney, R. H. Morrish, with no averment as to his authority so to do. There being no questions of fact in dispute, there was no need for depositions.

The law applicable is the Act of June 16, 1836, P. L. 715, sec. 20, providing that the arbitrators, having heard the evidence, shall proceed to determine the controversy, making the award and submitting the same to the prothonotary within 7 days after they shall have agreed upon the same; also, section 21 of said act, providing that they shall not be entitled to receive any compensation unless they make their report and submit the same to the prothonotary within 7 days after they shall have agreed upon the same; and section 27, providing that either party may appeal from the award of arbitrators to the court, provided appellant shall first pay all the costs that have accrued and enter into a recognizance as in said act provided, and that such appeal shall be filed within 20 days after the entry of the award.

Failure to do the things required in order to perfect an appeal, of course, furnishes ground to strike off the same: Breeden v. Duquesne National Bank, 9 D. & C. 605; Carr v. McGovern, 66 Pa. 457; Robinson v. Bulkly, 5 Rawle 227. The act contains no provision in relation to notice, as is said in Kaier Co. v. Stevens et al., 9 Kulp 520. This court has, for cause shown, permitted an appeal to be taken nunc pro tunc where no notice of filing the award had been given: Deisroth et al. v. Adams Express Co., 22 Luz. L. R. 246.

Certainly the act does limit the time within which an appeal is taken, but it is not common sense to suppose that following hearing the parties must

persistently call at the prothonotary's office to know when the award has been filed. Where parties are entirely without notice and misled to their prejudice, the court should permit relief.

If plaintiff by his answer denied the truth of this averment of defendant's counsel and contradicted it in depositions, a different situation would exist. But averments of plaintiff's petition are admitted by failure to traverse the same. It was therefore admitted that the defendant was lulled into believing that he would be notified before the same was filed. The right to appeal is a right belonging to the defendants under the statute, and in no sense can the arbitrators be considered as the agent of defendants, or of either party.

The objection that the petition is not sworn to or signed by the defendants is not well taken, in view of the fact that defendants had no knowledge of the facts, but their attorney, who did, swore to the same. The objection that nowhere in the petition is it averred that he was authorized to sign in their behalf is not well taken, as throughout the entire proceedings the attorney represented the defendants.

It would be unjust and inequitable to deny defendants the valuable right to appeal and have their case tried by a jury, when, without denial, it appears that the arbitrators had agreed to give them notice that they might appeal. For this reason, we enter the following order:

Judgment opened and appeal allowed nunc pro tunc, provided it is perfected in accordance with the statute within 10 days.