## Wilson R. Carbaugh *v.* Zachariah Sanders, Appellant.

*Statutes—Construction—Permissive language.*

A direction contained in the statute though couched in merely permissive language, shall not be construed as leaving compliance optional where the good sense of the entire enactment requires its provisions to be deemed compulsory.

*Justice of peace—Appeal—Payment—Costs.*

Under the Act of June 24, 1885, P. L. 159, on an appeal from the judgment of a justice it is the duty of the justice to demand appellant to pay all costs and an appeal will be stricken off where the appellant has paid only the costs of the justice and constable and has refused to pay plaintiff's costs.

Where bail on appeal has been improperly entered by the attorney the proper practice requires a rule on an appellant to perfect his recognizance rather than a notice to strike off.

Argued March 13, 1900. Appeal, No. 25, March T., 1900, by defendant, from order of C. P. Adams Co., Aug. T., 1899, No. 34,

quashing appeal from justice of peace. Before RICE, P. J.,
BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.
Affirmed. Per Curiam.

Motion to quash an appeal from judgment of justice.

It appears from the record that plaintiff obtained judgment for
$54.70 before a justice of the peace. Defendant having entered
bail appealed, first having paid all the costs of the justice and
the constable and other costs except $4.26 which were the costs
of certain witnesses of the plaintiff. It appeared that the bail
was entered in contravention of a rule of court forbidding
attorneys at law from becoming bail on appeals and certioraries.
Plaintiff moved to quash the appeal, first, for the reason that
no legal bail had been entered, and second, because defendant
did not pay all the costs as required by the act of assembly, the
witness's costs of the plaintiff being unpaid as appears by the
transcript of the appeal. The court below struck off the appeal.
Defendant appealed.

*Error assigned* among others was (1) in striking off the appeal
on the rule issued on plaintiff's petition for rule.

*J. L. Butt*, for appellant.

*Wm. McClean*, with him *Wm. Arch. McClean* and *W. C.
Sheely*, for appellee.

PER CURIAM, April 23, 1900:

The defendant was not misled by any act or declaration of
the justice. The latter demanded all the costs, as it was not
only his right but his duty to do under the Act of June 24,
1885, P. L. 159, but the defendant through his counsel insisted
that he was only compelled to pay the justice's and constable's
costs. A direction contained in a statute, though couched in
merely premissive language, will not be construed as leaving
compliance optional, where the good sense of the entire enact-
ment requires its provisions to be deemed compulsory. The
intent is to be judged of by the purposes of the statute. The
manifest purpose of this statute was to secure prompt payment
of the costs, not only of the justice, but of the constable and

party; it is therefore not to be supposed that the legislature intended to leave compliance with its provisions optional with the justice. See Endlich on Interpretation of Statutes, secs. 307, 312, and cases cited in note *b* of sec. 307. It was his duty to demand the costs and the defendant's duty to pay them upon being informed as to the amount. The omission of the defendant to comply with this prerequisite to an appeal was without legal excuse, therefore, the court committed no error in striking off the appeal.

As to the other reason assigned for striking off the appeal, we remark that the proper practice would have been to rule the appellant to perfect his recognizance: Kerr v. Martin, 122 Pa. 436.

The judgment is affirmed and the appeal dismissed at the costs of the appellant.