## Gharet v. Johnson.

*Practice, J. P. — Appeals — Costs—Appeal bond—Incomplete or defective bond—Correction.*

1. Upon an appeal from the judgment of a justice of the peace or an alderman, an appellant is not required to pay any of the costs if he gives bail absolute for the payment of debt, interest and costs that have and will accrue on affirmance of the judgment. (Act of May 29, 1907, P. L. 306,)

2. Where a defendant in an action of trespass, upon taking an appeal, paid the costs of appeal, and in good faith gave bail in a sum sufficient to cover debt, interest and costs, being led by the alderman to suppose that he was doing all that was required of him in the proper way, he will be permitted, upon subsequent discovery that bail was taken only for costs, to amend the same so as to include the debt and interest.

Motion to strike off appeal. C. P. Clinton Co., Jan. T., 1923, No. 111.

A. F. Ryon, for plaintiff; H. T. Hall, for defendant.

BAIRD, P. J., June 20, 1923.—The plaintiff obtained judgment against the defendant in an action of trespass before an alderman for $80 and costs.

Within the time allowed for an appeal, and with that purpose in view, the defendant made and filed with the alderman the statutory affidavit, paid the costs of appeal as taxed by the alderman, $1.50, and gave bail absolute in the sum of $200, conditioned: "For the payment of all costs that may be legally recovered against the appellant in the above appeal." The total costs, including the costs of appeal, $1.50, as shown by the alderman's transcript, were $22.10.

About six weeks after the transcript of appeal was filed in this court, the plaintiff, upon petition filed, obtained a rule to show cause why the appeal should not be stricken from the record. The objection of the plaintiff to the bail is that the defendant, having paid only the costs of appeal, should have given bail absolute "for the payment of debt, interest and costs on affirmance of the judgment," under section 1 of the Act of April 19, 1901, P. L. 84. In support of this contention, plaintiff's counsel cites the following cases: Colwell et al. *v.* Neubert, 11 Dist. R. 249; Bouer *v.* Carroll, 12 Dist. R. 481, and Weeks *v.* Franklin, 29 Pa. C. C. Reps. 47. In Colwell *v.* Neubert it was held that before a defendant can appeal from the judgment of a justice of the peace he must either *(a)* pay all of the costs, which include not only those of the justice, but also of the constable and party, under the Act of June 24, 1885, P. L. 159, or *(b')* pay only the costs of appeal and give bail absolute for the payment of the debt, interest and costs, under the Act of April 19, 1901, P. L. 84. The defendant had given bail as required or allowed by the latter act, and the real controversy was over the "costs of appeal." The appellant paid only fifty cents. The plaintiff moved to strike off the appeal because (1) the costs had not been paid; (2) because the *costs of the appeal have not all been paid.* The court said, "As a mere *obiter dictum,* . . . the costs of appeal allowed to the justice would be . . . $1.25," but as the difference in dispute was only seventy-five cents, held that it came within the principle of *de minimus,* and refused to strike off the appeal. Boyer *v.* Carroll was likewise a controversy over the costs of appeal. The appellant tendered bail absolute for the payment of debt, interest and costs on affirmance of the judgment, and also tendered $1 as costs of appeal. The justice refused to allow the appeal without payment of all accrued costs. In mandamus proceedings it was held that, in view of the fact that the defendant's failure to take this appeal in time was caused by the unjustifiable refusal of the justice to allow it, an appeal would be allowed *nunc pro tunc.* Weeks *v.* Franklin is also a case wherein the parties differed as to the amount of costs which should be paid by defendant-appellant where bail absolute was given for the payment of debt, interest and costs. The required costs having been paid, the court declined to strike off the appeal. In all of these cases the bail required by the Act of 1901 was either given or tendered, and, of course, there was no attack made either on its form or sufficiency.

Under the Act of May 29, 1907, P. L. 306, amending section 1 of the Act of June 24, 1885, P. L. 159, the appellant is not required to pay *any* of the costs if he give bail absolute for the payment of the debt, interest and costs that have and will accrue on affirmance of the judgment.

The defendant in his answer avers that the appeal was taken by him in the utmost good faith, believing at the time that he was complying with the law in such case, and that he was led to believe so by the alderman who prepared the affidavit and recognizance, and prays for leave to perfect his appeal. No testimony was taken, but the facts as disclosed by the record tend very strongly to confirm this averment of the appellant. The costs of the appeal,

4 D. & C.

Gharet v. Johnson.

as taxed by the alderman, were paid by him, and he gave bail in the sum of $200, an amount sufficient to secure the payment of the debt, interest and costs, although the recognizance was conditioned for the payment of the costs only. The record, therefore, discloses an evident intent on the part of the defendant to comply with the requirements of the Act of 1901.

Under these circumstances, we think the defendant should be allowed to perfect his appeal by giving bail as provided in the Act of 1907. Such a course is sanctioned by the highest authority.

In Means v. Trout, 16 S. & R. 349, Chief Justice Gibson said: "When bail has been defectively given within the period prescribed, there can be neither injustice nor hardship in suffering the appellant to perfect it as soon as the defect is discovered. Such a practice would be in analogy to bail at the common law. On the other hand, if a defect in the recognizance were irreparable, the appeal would be lost and a great constitutional right frustrated. Such a mischief would be intolerable, and the more so, as it is found to be of daily occurrence." See, also, Burgess, &c., v. Jackson, 2 P. & W. 431; Bream v. Spangler, 1 W. & S. 378; Adams v. Null, 5 W. & S. 363; Weidner v. Matthews, 11 Pa. 336; Koenig v. Bauer, 57 Pa. 168; Womelsdorf v. Heifner, 104 Pa. 1; Kerr v. Martin, 122 Pa. 436; and Carbaugh v. Sanders, 13 Pa. Superior Ct. 361.

In the last case cited, the failure of the appellant to pay all of the costs, as required by the Act of 1885, and the entry of improper bail, were both under discussion. The court held that the payment of all the costs was a prerequisite to an appeal, but as to the other reason assigned for striking off the appeal, that the practice would have been to rule the appellant to perfect his recognizance. Agnew, J., in Koenig v. Bauer, 57 Pa. 168, 171, said: "It has been said so often that it will scarcely bear repeating, that the proper course, when the recognizance of an appellant is defective or invalid, is not to dismiss the appeal, but to rule him to amend or perfect it, and to dismiss only as the penalty of neglect or refusal. The right of appeal and of trial by jury is too precious to be frustrated by the ignorance, incompetency or malice of inferior magistrates and officers."

The effect of the failure to pay costs, where required, is also differentiated from the effect of the failure to give a proper recognizance in Carr v. McGovern, 66 Pa. 457, with the same result as in Carbaugh v. Sanders, 13 Pa. Superior Ct. 361, namely, that the payment of the taxed costs is a condition precedent and indispensable to an appeal; whereas, in the case of a defective recognizance, the court has authority to allow it to be perfected.

In view of these decisions of the appellate courts, there is no purpose to be served by a review of lower court cases, except to test our understanding of the former. With this purpose in view, we shall notice briefly a few of the more recent opinions of Common Pleas judges. In Baldwin v. Newell, 17 Dist. R. 257, Judge Bouton was asked to strike off the appeal, for the reason that the appellant did not pay the accrued justice's and constable's costs, as required by the Act of 1885, but paid only the costs of appeal, $1.25, and gave bail merely for the payment of costs, as in this case. After referring to the Act of 1907, he held that, as the law now stands, it is optional with the defendant to pay all costs or give bail for the payment of debt, interest and costs that have and will accrue. Inasmuch as appellant had given bail for costs only and had paid only the costs of appeal, he held that this was not a compliance with the statutory requirement, hence the bail was imperfect, but recognizing that the courts have uniformly held that where bail has been given

which is irregular, the practice is not to ask to have the appeal stricken off, but for a rule on the appellant to perfect the appeal, allowed the defendant to give bail in accordance with the requirements of the Act of 1907 in such case. This case is identical with the case at bar, except that it is without the extenuating circumstances that the appellant had been misled by the magistrate from whose judgment the appeal was taken. In Lord and Drake v. Hodgson, 18 Dist. R. 72, Judge Prather, citing many of the cases cited by us, and some others, held that where a defective recognizance, through a mistake of appellant's attorney, has been filed, the practice is to enter a rule to perfect the appeal within a given time, or, upon default, to dismiss, and that a rule to strike off should not be taken in the first instance. In another opinion by Judge Prather, in the case of United States Casualty Co. v. Dubar, 18 Dist. R. 660, when the appellant had attempted to comply with the law relating to appeals from the judgment of a justice of the peace and had filed a defective recognizance, he reached the same conclusion. This case also appears to be on all-fours with ours. A very late expression of judicial opinion on the exact question before us is contained in the opinion of Judge Harmon in Thomas v. Hottenstein, 47 Pa. C. C. Reps. 104, and it follows the precedents by which we have been guided.

And now, June 20, 1923, it is ordered that if the appellant shall, within fifteen days, give good and sufficient bail absolute in the sum of $200 for the payment of the debt, interest and costs that have accrued and will accrue on affirmance of the judgment, the rule to show cause why the appeal should not be stricken off will be discharged; otherwise it will be made absolute.

From W. E. Shaffer, Lock Haven, Pa.