## Armour & Company v. Leshefka.

P. B. Roads, for plaintiff; John Skweir, for defendant.

HICKS, J., Feb. 27, 1928.—This is an appeal by the defendant from a judgment entered against him in an action of *assumpsit* before an alderman in the City of Pottsville, which appeal was regularly entered in the Court of Common Pleas of Schuylkill County on Jan. 25, 1927, to No. 300, March Term, 1927. On March 14, 1927, upon application of the plaintiff, a rule was granted upon the defendant to perfect his appeal within ten days, or, in default thereof, to have the said appeal dismissed, which rule was returnable on March 28, 1927. The defect in the recognizance was alleged to have consisted of the attorney for the defendant becoming bail for him before the alderman on the appeal. Prior to the return-day of the rule, substituted bail was entered. On Sept. 19, 1927, the plaintiff presented his petition for a rule upon the defendant to show cause why the appeal should not be dismissed and stricken from the record for insufficiency of the substituted bail because of its worthlessness, returnable Oct. 3, 1927, to which an answer was filed by the defendant, in the sixth paragraph of which he alleges: "6. That the defendant honestly believes that the bailor, George Motsko, was a sufficient bailor and still thinks so."

Rule 32, section 5, Schuylkill County Court Rules provides: "If the party shall file an answer, then all facts averred in the petition and not denied in such answer shall be taken as admitted upon the argument." The answer does not definitely and positively deny the allegations in the petition of the lack of worth of the bail, nor does it affirmatively show that the bail is good. Under such circumstances, the allegations contained in the petition for the purpose of the disposition of this rule must be accepted as verity and the recognizance admittedly defective.

It is not necessary for the court to decide whether the original recognizance was defective because the attorney for the defendant became bail on appeal before the alderman nor to construe Rule 11, section 6, Schuylkill County Court Rules, which provides that "no attorney of these courts . . . shall be admitted or permitted to become bail . . . or in any suit or action pending in these courts, without permission of court." Whether this rule of court precludes an attorney from becoming bail in a civil action before a magistrate's court is of no interest, since this bond has been substituted by the one now admittedly defective.

The substituted recognizance is bad. The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith and within the time prescribed by law, it is usual to allow a defect to be amended; in other words, to perfect the appeal. To prevent hardship, the court will in such cases allow the defendant to perfect his appeal by giving a proper legal recognizance. The proper course when the recognizance of an appellant is defective or invalid is not to dismiss the appeal, but to rule him to amend or perfect it and to dismiss only as the penalty of neglect or refusal. The right of appeal and of trial by jury is too precious to be frustrated by the ignorance, incompetency or malice of inferior magistrates and officers: Koenig v. Bauer, 57 Pa. 171; Means v. Trout, 16 S. & R. 349; Huntington v. Jackson, 2 P. & W. 431; Adams v. Null, 5 W. & S. 363; Womelsdorf v. Heifner, 104 Pa. 1; Kerr v. Martin, 122 Pa. 436; Carbaugh v. Sanders, 13 Pa. Superior Ct. 361.

It is true that a former rule was granted upon the defendant to perfect his appeal within ten days, which rule was never disposed of because the defendant anticipated its disposition by filing substituted bail, but this should not prevent the defendant from having an opportunity to perfect his substituted bail.

The court grants the defendant leave to perfect his appeal by filing a recognizance within fifteen days from this date, to be approved by court upon notice to the attorney for the plaintiff, the said recognizance to be filed nunc pro tunc, dating it with the original one, in which case it is ordered that the rule to strike off the appeal be discharged; otherwise, the rule be made absolute, at the costs of the defendant.

And now, Feb. 27, 1928, upon motion of P. B. Roads, counsel for the plaintiff, an exception is noted and bill sealed.

From M. M. Burke, Shenandoah, Pa.