## Frecon v. Mumper

512

*Keith & Bigham*, for plaintiff.
*McPherson & McPherson*, for defendant.

SHEELY, P. J., November 5, 1936.—This is a motion by plaintiff to strike off the appeal filed by defendant from the judgment of John C. Shealer, justice of the peace, because defendant failed to pay the costs of the proceedings before the justice prior to taking the appeal and prior to the expiration of 20 days from the date on which the judgment was entered.

Defendant admits that the costs were not paid before taking the appeal and have not yet been paid, but alleges that he was not represented by counsel in the matter and relied upon the justice of the peace, who told him the time within which the appeal must be taken and that a bond would have to be filed, and who prepared the papers in connection with the appeal. The justice of the peace did not, however, demand the payment of costs, and defendant did not pay them, but did pay the cost of filing the appeal in the office of the prothonotary.

Defendant contends that the act of assembly governing appeals does not require the payment of costs as a prerequisite, and that, even if it does, he was misled by the justice of the peace and should be granted relief, or should be permitted to amend his bond so as to make it bail absolute.

The pertinent act of assembly is section 1 of the Act of June 24, 1885, P. L. 159, as amended by section 1 of the Act of May 29, 1907, P. L. 306, 42 PS §928, which provides, in part:

"That in all cases of appeal from the judgment of an alderman or justice of the peace, the said alderman or justice shall be entitled to demand and receive from the

appellant the costs in the case, before making and delivery of the transcripts for said appeal".

While this statute formerly gave rise to different opinions as to whether the payment of costs was mandatory before taking an appeal: Beistle v. Bingaman, 22 Pa. C. C. 158 (1899) ; the question was definitely settled in Carbaugh v. Sanders, 13 Pa. Superior Ct. 361 (1900), in which the court said:

"The manifest purpose of this statute was to secure prompt payment of the costs, not only of the justice, but of the constable and party; it is therefore not to be supposed that the legislature intended to leave compliance with its provisions optional with the justice. . . . It was his duty to demand the costs and the defendant's duty to pay them upon being informed as to the amount. The omission of the defendant to comply with this prerequisite to an appeal was without legal excuse".

This conclusion is in line with the decisions of the majority of the lower courts: Enyeart v. Lehrsch, 6 Dist. R. 404; Wells v. Weaver, 6 Dist. R. 661; Washburn Crosby Co. v. Freedman & Weiss, 64 Pitts. 754 (1916).

In Lentz v. Kittanning Real Estate Co., 72 Pa. Superior Ct. 513, the question was again submitted to the Superior Court, and in that case Judge Keller made the following statement, which fully covers the situation here presented:

"By the Act of May 29, 1907, P. L. 306, two methods of appeal were open to the defendant. It might pay the costs and give bail absolute in double the probable amount of costs accrued and likely to accrue, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that might be legally recovered in such case against the appellant, in accordance with the provisions of the Act of March 20, 1845, P. L. 188, or it might give good and sufficient bail absolute for the payment of debt, interest and costs that had accrued and would accrue on affirmance of the judgment, in which event it would not be required to pay any costs before taking the appeal. Un-

fortunately for the defendant in this case, it adopted neither course. Had there been merely some defect in the form or execution of the recognizance or bond on appeal, under the practice since Means v. Trout, 16 S. & R. 349, it would have been the duty of the court below to give the appellant reasonable opportunity to perfect the recognizance or bond before striking off the appeal: Koenig v. Bauer, 57 Pa. 168; Kerr v. Martin, 122 Pa. 436; Carbaugh v. Sanders, 13 Pa. Superior Ct. 361. But the bond filed by the defendant was in substantial conformity with the requirements of the Act of March 20, 1845, P. L. 188. The defendant neglected, however, to pay the costs, which was necessary to perfect the appeal if bail for the payment of costs only was entered. This was an incurable defect: Carr v. McGovern, 66 Pa. 457; and requires the striking off of the appeal: Carbaugh v. Sanders, 13 Pa. Superior Ct. 361. The defendant, after electing one method of appeal, but failing to perfect it by not paying the costs accrued, could not later turn to the second method of appeal by changing the condition of the bond so as to cover the debt, interest and costs, under the guise of perfecting the recognizance."

It is true, as contended by defendant, that the statute does not, in terms, require the payment of costs as a prerequisite to appeal, but the foregoing cases have definitely established that point and we cannot depart from them.

Defendant, at the argument, admitted that if the present case is governed by the case of Lentz v. Kittanning Real Estate Co., supra, the appeal must be stricken off, but he distinguishes that case and the Carbaugh case on the basis that in both of them appellant was represented by counsel, and that in the Carbaugh case the court specifically stated that defendant was not misled by any act or declaration of the justice, while here defendant was not represented by a counsel and was misled by the failure of the justice to demand the costs, and, further, that the Lentz case was based upon the decision in the Carbaugh

case, while in that case the justice had demanded the costs but defendant had refused to pay them.

We can see no merit in these contentions. The Carbaugh case held that it was the duty of the justice to demand the costs, and this was supported by the majority of the lower court decisions as hereinbefore noted. The justice in this case did not mislead defendant by making any false representations to him; he merely failed to advise defendant fully. As stated in Carr v. McGovern, 66 Pa. 457 (1870) :

"The negligence or want of knowledge of the officer does not condone the errors of the party in failing to do what the law requires in order to perfect the appeal."

Defendant further contends that the fact that the justice did not demand costs was an indication that he had in mind the giving of bail absolute for the payment of debt, interest, and costs but used the incorrect form, and that therefore defendant should now be permitted to perfect his bail by giving a proper bond. There is no evidence to show that this is a correct conclusion, and the fact that the bond was given in the sum of $50 conditioned for the payment of costs only would indicate that the justice of the peace meant to do just what he did, but failed to collect the costs.

Defendant contends that an order striking off the appeal would result in great hardship to defendant since defendant offered no testimony at the hearing and the case has never been heard on its merits. There was nothing to prevent defendant from offering testimony before the justice of the peace; having failed to do so he cannot now complain that the case was not heard on its merits. While the result of striking off the appeal will undoubtedly deprive him of having the case heard before a jury, that fact cannot give us jurisdiction to hear the case where defendant, by his own act, failed to file his appeal properly.

The situation here presented is one which frequently appears. A party involved in a lawsuit is willing to ac-

cept and to rely upon the advice of a justice of the peace who is not learned in the law and who has no right to give advice. The office of justice of the peace is an important and honorable office, but the sooner the public learns that the election of a person to the office of justice of the peace or his appointment to the office of notary public does not endow him with knowledge of the laws of the Commonwealth the sooner situations such as this will cease to arise.

Under the decisions above quoted we are required to grant plaintiff's motion to strike off defendant's appeal.

And now, November 5, 1936, it is ordered and decreed that the appeal of Charles S. Mumper, defendant, from the judgment of John C. Shealer, justice of the peace, entered to no. 85, January term, 1936, be, and the same is hereby stricken off at the cost of defendant.

From Eugene V. Bulleit, Gettysburg.