## Crouse v. Novasecku

58

*W. E. Shissler*, for plaintiff.
*Mark T. Milnor*, for defendant.

NEELY, J., September 12, 1949.—This is an action of trespass brought into this court on defendant's appeal from judgment rendered in favor of plaintiff by an alderman in the City of Harrisburg. Defendant, in accordance with our rule of court 111, gave written notice to plaintiff by registered mail, stating that the appeal had been taken and filed to the appropriate term and number, and further notifying plaintiff that "you must file and serve on the defendant, or his attorney, a statement of your cause of action within fifteen (15) days after the receipt of this notice". When no such statement was filed by plaintiff, defendant, after the expiration of the 15-day period, by præcipe, as of course, directed the prothonotary to enter a judgment of non pros, and such judgment was entered in accordance with the above-mentioned rule.

Subsequent to the entry of the judgment of non pros, the court, on petition of plaintiff, granted a rule on defendant to show cause why his judgment of non pros should not be stricken off, and further show cause why the appeal should not be quashed and stricken off. Defendant filed his answer to the petition. The matter

is now before us on the petition and rule granted thereon and the answer thereto.

Plaintiff's petition being to strike off the judgment of non pros and to quash and strike off the appeal, we therefore cannot consider any factual allegations in either the petition or the answer that are outside of the record. We shall consider first the rule granted as it relates to the petition to strike off the judgment of non pros.

Our rule 111, under which defendant in this case proceeded, had been in effect for many years prior to the promulgation of the Pennsylvania Rules of Civil Procedure. In the matter of appeals from aldermen or justices of the peace to this court, the rule prescribes a complete practice for both plaintiffs and defendants from the time the transcript is lodged in the office of the prothonotary until the statement of claim in the action is filed. Rule 111 provides the procedure to obtain relief in case either plaintiff or defendant defaults in his duties as prescribed in the rule.

Plaintiff contends that our rule 111 was suspended and superseded by Rule 1037 (a) of the Pennsylvania Rules of Civil Procedure, and hence that the notice given and judgment of non pros entered under our rule were both improper. Defendant, on the other hand, contends that the said Rules of Civil Procedure do not apply to actions instituted in an alderman's court, and that therefore our rule 111 relating to the method of perfecting appeals in such an action still remains in full force and effect.

The action as instituted in this case before the alderman was in trespass. Rule 1041 of the Pennsylvania Rules of Civil Procedure provides that the procedure in actions of trespass shall be in accordance with the rules relating to actions of assumpsit. And Rule 1001 of the Rules of Civil Procedure, relating to actions of assump-

sit, defines "action" as meaning an " 'action' . . . brought in or appealed to any court" which is subject to the Procedural Rules.

The action in the instant case is an action appealed to this court. By the plain meaning of the language used, such an action is subject to and covered by the rules relating to actions of assumpsit—Pa. R. C. P. 1001-1037, and trespass—Pa. R. C. P. 1041-1047. The Pennsylvania Rules of Civil Procedure, of course, do not govern actions before aldermen or justices of the peace. But once these matters get into our court, then the Rules of Civil Procedure apply.

Pa. R. C. P. 1037($a$) provides as follows:

"If an action is not commenced by a complaint, the prothonotary, upon præcipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon præcipe of the defendant, shall enter a judgment of non pros."

Inasmuch as the present case is an action brought into this court on appeal and was not commenced by complaint, therefore it is an action that is directly covered by the provisions of Rule 1037($a$), supra.

Our rule 111, under which the defendant acted in this case, inter alia, provides:

"Upon failure of the plaintiff to file and serve a statement of his cause of action within fifteen (15) days after the service of notice of the filing of the appeal, when the defendant is the appellant, judgment of non pros may be entered as of course."

Clearly, the above-quoted provision of our rule 111 is in direct conflict with Pa. R. C. P. 1037($a$), supra. And our rule, to the extent of such conflict, must be considered as suspended and superseded by Pa. R. C. P. 1037($a$). See Act of June 21, 1937, P. L. 1982, 17 PS §61 et seq. In its other provisions and to the extent not inconsistent with rule 1037($a$), supra, our rule

111 remains in full force and effect. The prothonotary then could not enter a judgment of non pros as of course in the light of Pa. R. C. P. 1037(*a*) for failure to file a complaint, unless defendant had first served on plaintiff a rule to file his complaint within 20 days after service of said rule.

It must be borne in mind that we are here dealing only with the question of the prothonotary's right to enter a judgment of non pros as of course where defendant is appellant, and there is not at all involved here in any way the full power of the court, in accordance with Pa. R. C. P. 1037(*c*), to enter an appropriate order or judgment where there has been any default by the parties to an action.

It must be concluded, therefore, that the prothonotary is authorized to enter a judgment of non pros where defendant is appellant in an appeal from an alderman or justice of the peace, only where defendant has caused to be served upon plaintiff a rule to file a complaint within 20 days, in accordance with the provisions of Pa. R. C. P. 1037(*a*). Such rule to file a complaint within 20 days was not served upon plaintiff in this case. The prothonotary, therefore, had no right to enter a judgment of non pros. The same was improperly and improvidently entered and accordingly must be stricken off.

Having come to the conclusion that the judgment of non pros entered in this case should be stricken off on the petition of plaintiff, the next question that we have to determine is whether or not plaintiff is also entitled, in accordance with the prayer of his petition, to have quashed and stricken off the appeal which defendant took from the judgment of the alderman. Plaintiff contends, in support of his petition to strike off the appeal, that no appeal bond was filed. And it is for that reason alone that plaintiff contends that the appeal should be quashed and stricken off. If no such bond

was filed, then plaintiff's contention is correct and the appeal must be stricken off; McIlhaney et al. v. Holland, 111 Pa. 634 (1886).

The record, however, in our view shows that defendant filed his recognizance, but that the same was defectively executed. It is stated in Dougherty v. Greggs, 159 Pa. Superior Ct. 166, 168 (1946), that where there is merely some defect in the execution of the recognizance on an appeal from an alderman or justice of the peace, a reasonable opportunity is to be given to appellant to perfect the recognizance before striking off the appeal.

The transcript shows on its face that judgment was entered in favor of plaintiff and against defendant in the sum of $207.25 in an action growing out of an automobile collision. On the back of the transcript defendant signed his recognizance as bail absolute in the sum of $424.90. Defendant having signed the bail, failed to have the surety properly affix its signature thereto, although such surety did sign the transcript at a place that had no relevance.

The transcript filed in the office of the prothonotary has attached thereto the power of attorney of Fidelity and Deposit Company of Maryland to James Redmond, authorizing the attorney to execute bail absolute in the amount of $424.90 for defendant and in favor of E. P. Crouse, plaintiff. However, the surety did not sign the bail on the back of the transcript under defendant's name, which was the proper and only place where the surety's signature could have been affixed for the purpose of giving good and sufficient bail. Instead, for some unexplained reason, the surety by its attorney signed the face of the transcript in a place where the surety's signature had no meaning whatsoever.

The circumstances relating to the surety's action here are almost the same in point of fact as the action of the surety in Sturtz v. Counonie, 53 D. & C. 423

(1945), wherein the surety merely attached its power of attorney to the transcript, but did not execute the bail bond. Judge Wright held that it was a defective execution of the bond and permitted an amendment of the appeal.

The following cases clearly hold that defendant has the right to amend his recognizance when the same has been defectively executed; Means v. Trout, 16 S. & R. 349 (1827) ; New Castle Metal Products Co. v. Campbell, 131 Pa. Superior Ct. 367, 369 (1938) ; Carbaugh v. Sanders, 13 Pa. Superior Ct. 361 (1900) ; Kerr v. Martin, 122 Pa. 436 (1888) ; Koenig v. Bauer, 57 Pa. 168 (1868) ; Frecon v. Mumper, 27 D. & C. 511, 514 (1936) . In New Castle Metal Products Co. v. Campbell, the Superior Court said in the event of the defective execution of an appeal bond:

". . . the established practice is to permit the appellant to perfect the recognizance or bond or file an amended one nunc pro tunc, and not dismiss the appeal until an opportunity to do so has been given the appellant."

We cannot agree with appellant's contention in this case that no bond or recognizance was filed. We feel that defendant entered his recognizance, but that the same was defectively executed. Accordingly, defendant should be given an opportunity to amend the record by perfecting his bail absolute with sufficient surety.

Since the bond was defective in its execution and subject to amendment, we call attention to an additional defect that must be cured by amendment. The bond as executed by defendant was in excess of double the amount of judgment and accrued costs. Obviously, the bond was intended as "bail absolute for the payment of debt, interest, and costs" under the Act of May 29, 1907, P. L. 306, 42 PS §928. Such bond, of course, does not require the payment of alderman's

costs upon delivery of the transcript, since the condition of the bond is for the payment of debt, interest and costs upon affirmance of final judgment. However, the language of the bond as executed is in effect bail absolute for "costs accrued and likely to accrue", in accordance with the requirements of the Act of March 20, 1845, P. L. 188, 42 PS §921. Bonds executed in accordance with the Act of 1845 for costs only require the payment of such costs before the delivery of the transcript.

In other words, bail absolute was executed in an amount sufficient to cover debt, interest and costs under the Act of 1907 upon affirmance of final judgment. Yet the language of the bond covered merely costs under the Act of 1845, which latter act would require only a bond in "double the probable amount of costs", and would have required the payment of alderman's costs before the delivery of the transcript. For the two methods of perfecting an appeal from the judgment of an alderman or justice of the peace, see Lentz v. Kittanning Real Estate Co., 72 Pa. Superior Ct. 513, 517 (1919).

Defendant should amend his bail to conform to the legal requirements of the Act of May 29, 1907, in that the bail should be entered to secure the payment of debt, interest and costs. In this case the amount of the bail in the sum of $424.90 is satisfactory, but the bail in its language should otherwise be reformed. We indicate that the amended bail should be under the Act of 1907 for debt, interest and costs, rather than under the Act of March 20, 1845 for costs only. The transcript does not show that the costs were paid. Hence the bail as entered being in an amount sufficient for the payment of debt, interest and costs upon affirmation of final judgment, and there being nothing on the transcript to show the payment of such costs, the indication is that bail absolute should be reformed in

accordance with the provisions of the Act of May 29, 1907, and accordingly be entered for the payment of debt, interest and costs.

And now, September 12, 1949, the rule to show cause why judgment of non pros should not be stricken off is made absolute and such judgment of non pros is hereby stricken from the record. It is further ordered with respect to the rule to quash and strike off defendant's appeal that the rule be and the same hereby is discharged if proper bond is filed within 20 days, otherwise rule absolute.