## Zerbe Township Supervisors v. Bingaman

*Roger V. Wiest*, for plaintiff.

*Pipa & Younkin*, for defendant.

KIVKO, P. J., October 24, 1966.—The court has before it two motions by plaintiffs. The first is a motion to quash defendant's appeal from a judgment entered

by a justice of the peace. The second is a motion to strike off a judgment of nonpros entered against plaintiffs in this court on defendant's praecipe.

The chronology of the proceedings is as follows:

Judgment was entered against defendant by the magistrate on April 4, 1966. The appeal was taken April 14. The same day, defendant filed proof of service on plaintiffs of a notice to file a complaint within 20 days. The first day of the next term of the court of common pleas was May 2. The transcript of the proceedings from the magistrate's court was filed May 3. The motion to quash the appeal and the rule issued thereon with order staying proceedings was filed May 4. Judgment of nonpros on defendant's praecipe was entered on May 28. Petition to strike off said judgment was filed September 16.

The motion to quash the appeal is based on the alleged failure of defendant to file in this court a transcript from the magistrate's court before the first day of the next term following the appeal, contrary to the requirements of the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 4, 42 PS §923.

The Act of March 18, 1875, P. L. 28, sec. 1, as amended, 17 PS §881, authorizes the judges of the several courts ". . . to make an Order fixing the number of regular terms of said several courts, establishing the time for holding the same, and fixing the time for jury trials in said courts. . . ."

Under the authority so granted, the court adopted rule 925 of the Northumberland County Rules of Civil Procedure establishing the several terms of the court of common pleas and the times when they shall be held. The first term provided by the rule following defendant's appeal began the first Monday of May, or May 2, 1966. The transcript from the magistrate's office was filed on May 3, 1966.

Defendant, in his answer to the motion to quash,

attacks the judgment in the magistrate's court on the basis of alleged irregularities in the proceedings. None of these questions was raised in the magistrate's court or affects the jurisdiction of the court. They are irrelevant to the issue presented.

Defendant in his answer also alleges an irregularity in the motion itself on the ground that the verification to the petition on which the motion was based was not made by the plaintiffs, but by their attorney in violation of Pennsylvania Rule of Civil Procedure 1002. However, the material facts on which the motion is based are matters of record, and the rule does not apply.

The substance of defendant's defense is an attack on rule 925 itself. It is alleged that the rule was superseded and nullified by an order of court dated November 8, 1965. This order provides that:

"The time fixed for holding of the several courts in the County of Northumberland, Penna. for the year 1966 shall be as follows:

"Courts for the trial of jury cases pending in the Court of Common Pleas shall be as follows":

Then follows a designation of terms which bear no relation to those set out in rule 925 either as to month or date of beginning of terms. Defendant contends that under his construction, the first term following the date of appeal was the June term beginning June 6, 1966, and that, therefore, his appeal was filed on time.

This construction overlooks both the intent and effect of the order. Its purpose, following long established precedent, was solely to set the time for jury trials. Like rule 925, this was authorized by said Act of 1875. It did not affect the terms of court established by rule 925.

The most obvious recognition of this is the fact that defendant's appeal was not entered on the dockets in the prothonotary's office to any term recognized in the

order of November 8, 1965. It was entered to May term established by rule 925.

The court, however, will not permit a party to lose his day in court because of failure to file a timely appeal, if the delay might be attributable to confusion resulting from seemingly contradictory language between a rule and a subsequent order of court bearing on the question of timeliness. Where the failure to perfect an appeal is due to fraud or its equivalent, the court may allow the appeal to be filed nunc pro tunc. The possibility of defendant being misled on what constituted the first day of the next term under the facts of this case we deem to come within the phrase "its equivalent": Perin v. Gochnauer, 173 Pa. Superior Ct. 609, 612 (1953).

This result is particularly justified under the other facts appearing of record in this case. There was no undue delay in the filing of the transcript. The question involved in the action affects more than the parties involved. This is one of 12 appeals from as many judgments entered in plaintiff's favor in the magistrate's court against as many defendants. The basic dispute affects the operation of a recently constructed sewer system in Zerbe Township and the right to collect rentals therefor. In view of all the circumstances here involved, plaintiff is entitled to proceed with his appeal.

The second motion before the court is to strike off the judgment of nonpros entered against plaintiffs on praecipe of defendant.

Judgment was directed to be entered on the theory that plaintiff failed to comply with rule 905(a) of the Northumberland County Rules of Civil Procedure, which directs that plaintiff shall file a complaint within 20 days after service of notice of the filing of the appeal. This presupposes that the appeal was perfected. To compel a plaintiff to file a complaint when he has

questioned the validity of the appeal and the appeal is later quashed is to compel a plaintiff to do a useless thing.

For this reason, the court, in issuing a rule on defendant to show cause why defendant's appeal should not be quashed, directed "all proceedings to stay meanwhile". Defendant evidently overlooked it. The entry of the judgment was in violation of it.

The court, therefore, enters the following

### ORDER

And now, to wit, October 24, 1966, it is directed that:

(1) Plaintiff's motion to quash defendant's appeal is hereby dismissed, and the transcript of the record from the justice of the peace is allowed to be filed and the appeal perfected nunc pro tunc;

(2) The time for the filing of plaintiff's complaint is hereby extended for a period of 20 days after the date of this order;

(3) Plaintiff's motion to strike off the judgment of nonpros in defendant's favor is sustained, and said judgment is hereby declared null and void. Exceptions are entered for plaintiffs and defendant.