## Housing Authority v. McKnight

*Phillip E. Morris,* for plaintiff.
*Michelle DeBord,* for defendant.

SALMON, *J.*, *Specially Presiding*, December 29, 1980—Defendant is a tenant of plaintiff in one of its housing projects. Plaintiff brought suit before a district justice for rent in arrears and for possession. The district justice rendered judgment for rent in arrears in the amount of $1,239.01 and for possession in favor of plaintiff. Defendant appealed to this court.

Plaintiff filed its complaint as required by Pa.R.C.P.J.P. 1004. Plaintiff also filed its petition for a rule on defendant to show cause why the appeal should not be stricken for failure to file bond, which rule was issued. Defendant filed her answer to the rule and the matter was heard on the rule and answer which are before us for disposition.

The Rules of Civil Procedure for Justices of the Peace were adopted by our Supreme Court October 15, 1969, to become effective January 1, 1970, and have subsequently been amended in various respects. Prior to these rules, the statutory procedure did require that an appellant to the common pleas from a civil judgment of a justice of the peace give bond or "bail": March 20, 1810, P.L. 208, 5 Sm.L. 161, 42 P.S. §923 (repealed). See also 42 P.S. §917 and 42 P.S. §921; Perin v. Gochnauer, 173 Pa. Superior Ct. 609, 98 A. 2 755 (1953). Under those statutes, the courts were reluctant to strike an appeal and were liberal in allowing the appeal to be perfected when the issue was raised and when the appeal otherwise appeared to be taken properly and in good faith: McIlhaney v. Holland, 111 Pa. 634 (1886). However, these statutes were suspended when the rules were adopted: Pa.R.C.P.J.P. 1081.

It appears to be the intent of these rules that the requirement for bond for appeal is abolished as to money judgments. Rule 1003 provides: "No bond or other security shall be required for appeal."

The official note to Rule 1003 indicates this change was deemed necessary to comply with Article V, §9 of the Pa.Const. as adopted in 1968. This section mandates that there be a right of appeal in all cases to a court of record from a court not of record. However, this does not prevent the imposition of requirements for the entry of security to grant supersedeas: note to Pa.R.C.P.J.P. 1003, supra. See also Pa.R.A.P. 1701.

This procedure has been further clarified by an amendment to the note following Rule 1008 which adds this language: "The *money judgment portion* of a landlord and tenant judgment (see Rules 514 and 521) would be governed by subdivision A." (Emphasis supplied.) This clearly leaves the possession portion of the judgment under control of Rule 1008-B which requires bond as a condition precedent to granting supersedeas. See Valentine-Binns, Justice §7.11 (1966 ed. and 1981 Supp.)

We conclude that the rule to strike the appeal must be discharged at the cost of plaintiff-appellee. However, this applies only to the money judgment and will be without prejudice to such right as plaintiff may have to issue execution for possession of the premises here involved, it appearing that no bond for supersedeas has been given by defendant pursuant to Pa.R.C.P.J.P. 1008-B and there being no local rules in Lawrence County pursuant to said Rule 1008-B.

## ORDER

And now, December 29, 1980, the rule heretofore issued to show cause why this appeal should not be stricken is discharged. This order is without prejudice to such right as plaintiff may have to issue execution for possession of the premises, it appear-

ing that no bond for supersedeas has been filed pursuant to Pa.R.C.P.J.P. 1008-B.