## Clear Channel Outdoor, Inc. v. Philadelphia Zoning Board of Adjustment

*Richard C. DeMarco,* for appellant.

*Kristin Kathryn Bray, Andrew S. Ross, William J. Leonard* and *Zachary S. Davis,* for appellees.

DiVITO, *J.,* July 28, 2010—This is an appeal by Clear Channel Outdoor Inc. (appellant) from the court's order entered on March 9, 2010 denying the appellant's petition for leave to file a nunc pro tunc appeal from the decisions of the City of Philadelphia and the Zoning Board of Adjustment (board). For the reasons that follow, the order by the court denying the petition is affirmed.

The Southeastern Pennsylvania Transportation Authority (SEPTA) is the fee owner of properties located

at 4301-15 Wissahickon Avenue Unit P, and 4300 Clarissa Street and 4300 R Clarissa Street, where the appellant holds month-to-month leases to operate three outdoor advertising signs on the premises. SEPTA and Allvision LLC applied to the Department of Licenses and Inspections to remove the signs at all three locations and replace them with digital billboards, the application of which was rejected on May, 8 2009 for not complying with the Philadelphia Zoning Code. SEPTA filed an appeal to be granted the appropriate zoning variances with the zoning board on June 6, 2009.

The hearing for the zoning variances was scheduled for July 1, 2009, and, approximately 12 days before the hearing, SEPTA posted notice on its properties where the billboards were located of when and where the zoning hearings would be held. Counsel for SEPTA and Allvision LLC both attended the hearing before the board and entered their appearances. SEPTA entered the deeds for the properties demonstrating that it was the sole owner of the properties. No representatives for the appellants attended the hearing nor entered an appearance. At the request of the Society Created for the Reduction of Urban Blight (SCRUB), the board held the record open until July 15, 2009 so that SCRUB could submit supplementary materials protesting the zoning variance.

At some point between July 1, 2009 and July 14, 2010 the appellant became aware that a hearing had been held in the matter of the SEPTA properties where it leased advertising billboards. On July 14, 2010 the appellant submitted documents to the board, sending copies to SEPTA, which it titled "omnibus procedural motion to dismiss and/or stay appeals and substantive objections

to the grant of relief" (omnibus), in which it claimed that it was the owner of the billboards and of the permits for them and that the zoning variances should be denied. The appellant did not submit an actual appearance to the board. On July 15, 2009 SEPTA responded to the omnibus stating that since it was the sole owner of the properties under consideration by the board and because the agreement between the appellant and SEPTA was a private licensing agreement, that it had no duty to notify the appellant and that the board had no jurisdiction to decide any issues based upon the agreement.

After the submission of the omnibus, a paralegal for the appellant's counsel, Roseanne Uhl, visited the board's offices multiple times to inquire as to whether a decision had been reached. Ms. Uhl stated that she was never made aware of any decision. SEPTA states that an assistant to its counsel, Susan Mariano, also visited the board's offices multiple times to inquire of whether a decision had been reached. SEPTA states that Ms. Mariano reviewed the board files for the three appeals on multiple occasions and that, while there were appearance slips for SEPTA and SCRUB, none existed for the appellant.

On September 8, 2009 the board granted the zoning variances and notified, on the same day, SEPTA and SCRUB of the decision. From that date there was a 30-day period in which to file an appeal with the board. On or about October 26, 2009 appellant learned of the decision and contacted the board and stated that it wished to appeal the decision but was rebuffed. On or about October 29, 2009 the appellant appealed to the Court of Common Pleas, which was refused as untimely by the pro-

thonotary. The appellant then filed a nunc pro tunc petition to this court on November 6, 2009, which was subsequently denied on March 9, 2010.

Appellant now appeals from the denial of its nunc pro tunc on the basis of an alleged breakdown in procedure by the board, claiming it submitted a timely appearance and was unjustly deprived of timely notification of the board's decision. Appellant further claims that the board attempted to change appearance procedures after the fact and that the court erred in not finding that the appellant was a "joint owner" under the rules and regulations of the board and, thus, that it should have been notified of the hearing. Finally appellant claims that there was a clerical error where the board left files in a meeting room and, thus, the documents were not included in the board's file leading to the appellant never being notified of the board's decision.

Whether or not a nunc pro tunc appeal should be granted is a matter at the court's discretion. *Perin v. Gochnauer,* 173 Pa. Super. 609, 612, 98 A.2d 755, 756 (1953). A nunc pro tunc appeal based upon an untimely filing is proper only if there was fraud or a breakdown in the procedural process. *Sofronski v. Civil Service Commission,* 695 A.2d 921, 924 (Pa. Commw. 1997). Based upon the regulations governing practice before the Zoning Board of Adjustment of the City of Philadelphia (zoning regulations) submitted into evidence by the appellant as exhibit F and the Philadelphia Code, there was no breakdown of process as alleged in the appeal. When SEPTA and Allvision LLC sought a zoning variance with the board all evidence shows that they properly posted notice of the hearings at the locations of the

billboards, thus, the appellants had appropriate notice of the hearing based upon regulations.

The appellant posits, however, that the hearing was improperly held, claiming that they are the real property owners of the actual billboard and that all relevant parties were not present at the hearing. While it is correct that the appellant has some property interest in the billboards, this does not amount to the level of ownership over which the board has jurisdiction. In the leasing agreement between SEPTA and the appellant, the copy of the agreement marked by SEPTA as "exhibit A" clearly stipulates that while the licensee is in fact the owner of "all structures . . . under this license" the agreement itself can be terminated at any time with 30 days notice, at which point the appellant would have to remove the structures at its own cost. Though SEPTA has not of yet, apparently, given a termination notice to the appellant, nothing in the agreement suggest that it cannot petition for zoning variances in anticipation of a future termination of the agreement, at which time the appellant would be contractually obligated to remove the existing billboards with its own funds.

The zoning regulations, section II, (6) regarding hearings clearly state that an applicant, here SEPTA, must submit proof of its legal interest in the property, which both SEPTA and the board state was properly delivered in the form of deeds showing SEPTA as sole owner of the properties for which the zoning variances were requested. If the applicant is a joint owner or joint lessee of the properties then there must be evidence of the petitioner having the authority of all owners and lessees.

This was unnecessary here as SEPTA is the sole owner of the properties.

The appellant is neither a joint-owner nor joint-lessee of the real properties at issue, only of the billboards. The zoning variance is for the real property. Any contract issues involving the agreement for the billboard lease was purely between SEPTA and the appellant as evidenced by the zoning regulations, section III (14) which explicitly states, "A decision of the zoning board shall relate only to the zoning law and shall not be construed to apply to any other law, except insofar as authorized by statute or ordinance."

The matter of ownership of the billboards located on the real properties where the signs are located is a contractual matter between SEPTA and the appellant, as seen by the agreement between those parties. SEPTA applied for zoning variances for its real property, of which it was the sole owner and which the board properly heard. As such, there were no procedural lapses when the appellant was not notified and the hearing was held in its absence. The appellant provided no evidence to demonstrate that, "as authorized by statute or ordinance," the board would have any power over this type of contractual agreement. The appellant's legal issues, if existing at all, are a contractual matter between it and SEPTA, thus, placing it outside the purview of the board.

Once the appellant learned of the hearing after the fact, it claims that several more procedural lapses happened because of errors committed by the board and that the board attempted to institute new rules for appearances which led to the appellant not being notified of the decision. The court finds these claims to be equally unper-

suasive. It is granted that the appellant did on or about July 14, 2009 submit its omnibus to the board claiming that the hearing was held in error. The appellant, however, seems to assume that this submission of its omnibus constitutes an appearance before the board. This assumption is incorrect.

In order to be properly entered as a party in a zoning board case, a corporation "shall appear in person represented by an attorney-at-law authorized to practice within the Commonwealth." Phila. Cons. Regulations ¶3NN-II-11(c). Though the appellant submitted its omnibus to the board it makes no claims that it ever actually appeared before the board or had an attorney go to the board offices in order to attempt to submit its appearance while the record was still open. Once the board enters a decision, it must notify the parties "who have properly entered an appearance in the case." Phila. Code §14-1806(1). Upon entering its decision on September 8, 2009, the board promptly mailed notification to SEPTA, SCRUB, and Allvision LLC. As discussed above, the appellant had never entered a proper appearance on the record and, as such, the board was under no obligation to notify them of the decision.

The appellant's argument that the board left all or portions of its omnibus in a meeting room are of no consequence. As the omnibus was not a proper form of appearance before the board, whether it was left in the room or placed immediately in the file regarding the hearings does not matter. It still would not have led to the board notifying the appellant of its decision, because it was not a proper appearance.

Likewise, appellant's argument that it's counsel's paralegal requested to be notified of the decision is equally without merit. The board was under no legal duty to notify Ms. Uhl of its decision, whether she requested notification or not. As of September 8, 2009 the board's decision was on file in its offices and could have been reviewed at any time. That neither Ms. Uhl nor any other representative for the appellant inquired about the decision during the 30-day period stated by zoning regulations, section I(1) in which the decision could be appealed is the decisive fact in this matter.

Based on the facts and evidence presented, there was no procedural breakdown that would make the denial of the nunc pro tunc appeal unjust. SEPTA and the board followed all ordinary procedures, with no after the fact procedural changes as alleged without evidence by the appellant nor any indication of fraud as required of a successful nunc pro tunc petition. If there was any procedural failure, it was that of the appellant in failing to provide a proper appearance before the board other than simply submitting its omnibus. However, despite not having submitted an appearance or having been notified of the board's decision, the appellant still had an ample 30-day period during which it could have gone to the board's office and reviewed the publicly available decision, which it failed to do. There was no procedural breakdown and no reason why the appellant could not have filed its appeal in a timely fashion, thus, there was no reason that the nunc pro tune petition should have been granted.

For these reasons, the order of March 9, 2010 should be affirmed.